FRANK G. ATWOOD vs. MARY J. ATWOOD ET AL.

Third Judicial District, New Haven, January Term, 1913.

PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

A plaintiff's failure to prove the execution and delivery of the note upon
which he sues, is fatal to his recovery; and a finding to that effect,
which is based upon conflicting testimony and involves the deter-
mination of what degree of credit is to be given to different wit-
nesses, will not be disturbed on appeal.
Under such circumstances alleged errors of the trial court in respect to
other unrelated features of the case are of no consequence.
The record on appeal in a former action which covered the same field
of controversy as the present, was offered by the plaintiff and
received in evidence. Held that the trial court committed no error
in permitting the defendants' counsel to read certain portions of
it for its consideration in connection with the defendants' answer
of res adjudicata; and that even if it were otherwise, the rulings
complained of could not have been harmful, since all the matter
objected to bore no relation to the vital fact of the execution and
delivery of the note.
The deposition of a witness taken upon a former trial between the same
parties upon substantially the same issues, is admissible in evidence,
if the witness, although still within the jurisdiction of the court,
has since become mentally incompetent to testify. In this respect
there is no distinction between a deposition and former testimony ·
given in open court.

Argued January 23d—decided March 11th, 1913.

ACTION to recover upon a promissory note for $10,000
alleged to have been executed and delivered by one of
the defendants to the plaintiff, and also to have certain
conveyances of property by such defendant to her co-
defendant set aside as in fraud of the plaintiff's rights,
brought to and tried by the Superior Court in New
Haven County, Shumway, J.; facts found and judgment
rendered for the defendants, and appeal by the plaintiff.
No error.

The non-negotiable promissory note over the name of
the defendant Mary J. Atwood, which furnishes the

foundation of this action, bore date April 4th, 1894, and was for $10,000. Its execution and delivery was denied by the defendants. It was not produced at the trial; the explanation given being that it was returned, or attempted to be returned, to the maker in consideration of the deed which was the subject of the litigation in *Atwood* v. *Atwood,* 84 Conn. 169, 79 Atl. 59, and that therefore it was not in the possession of the plaintiff. This explanation led to an extended inquiry covering a long series of events which need not be rehearsed. In the former case the charge was that the deed which the present plaintiff claimed to hold from Mrs. Atwood was without consideration and procured by fraud. The denial of that charge involved an investigation into precisely the same set of facts. The same events thus came under review in the two cases. The finding is of considerable length. Much of it is identical with that in the former action. The opinion states all the additional facts necessary to an understanding of its discussion, and of the disposition made of the appeal.

*Jacob P. Goodhart* and *George E. Beers,* for the appellant (plaintiff).

*Charles G. Root,* with whom was *Charles W. Evarts,* for the appellees (defendants).

PRENTICE, C. J. This action is primarily one by the payee of a promissory note against the maker. A third party is joined with the note maker as a defendant, upon allegations that the latter has transferred all, or practically all, of her property to such third party as a gift, and in fraud of the plaintiff's rights. Judgment is asked for the amount due upon the note, and that the transfer of property be set aside, or that so much

of the property transferred as might be necessary for the purpose be sold, and the proceeds applied to the payment of the amount due upon the note.

The court has found, among other things, that the plaintiff failed to prove the execution and delivery of the note. With this fact found, the judgment in favor of the defendants was inevitable, and it cannot be disturbed unless the court committed some error of law related in some way to its conclusion in this particular. It matters not what erroneous action it may have taken in respect to other unrelated features of the case, what mistaken views it may have entertained as to the significance of other matters, or upon what insufficient reasons it may have based its judgment. The result must stand unless error be found which touches in some material way this single essential conclusion of fact.

It is contended that there was such error committed by the court in reaching this conclusion upon the evidence. The issue distinctly raised by the answer, whether or not Mary J. Atwood, the alleged note maker, in fact made and delivered it, was one which called for the weighing of conflicting testimony, and involved a determination of the credit to be given to witnesses whose testimony was contradictory. The trial court was the final judge upon these matters, and its decision cannot be disturbed by us unless it appears that, attaching such credibility as it might to the various parts of the contradictory testimony, it could not reasonably have reached that decision. No such situation is presented upon this record, and the conclusion of the court must stand.

The plaintiff further charges that the court erred in finding, as it did, in respect to a large number of other matters, and in failing to find, as requested, in respect to those matters and others; and we are asked to correct the finding in those particulars. It is unnecessary to

pursue these assignments of error, since no correction or addition could furnish the foundation for a judgment in the plaintiff's behalf, as long as it did not appear that the note was made and delivered.

Complaint is made of the action of the court in respect to the printed record upon appeal in a former action between the same parties, reported in 84 Conn. at page 169. This former action covered the same field of controversy as the present; and one of its issues, resulting from the charge of want of consideration, involved an inquiry into the existence of the note now in suit, whose surrender was claimed to be the consideration for the deed then in controversy, and its only consideration. Plaintiff's counsel in their brief treat this action of the court as an admission of certain portions of this record, to wit, portions of the finding and judgment-file. In fact, plaintiff's counsel themselves introduced the record in its entirety, and it became a part of the evidence in the present case upon that introduction. This appears not only by the terms of the offer of it in evidence, but by the distinct statement twice made by counsel that the entire record was before the court upon their offer, and by the statement of the court to the same effect, assented to by the counsel. When it was received, plaintiff's counsel stated that it would not be necessary to read all of it, and they then proceeded to read those portions of it to which they wished to direct the attention of the court. Counsel for the defendants thereupon took up the record, and read, without objection, various omitted portions. As this reading progressed, controversy began for the first time to arise between counsel, partly relating to the scope and effect of certain findings, and partly as to whether certain other findings were within the issues in the former case, or only collateral to them. Then something began to be said about the admissibility of

these matters, and the court stated its understanding and position to be that the entire record was before the court for consideration, and especially in connection with the defendants' answer of *res adjudicata*, and that it was admissible for the purpose of discovering what issues were determined in the former case, and that, as to whether it proved what it was alleged it did or what it proved, a question was presented which was not involved in the reception of the record as evidence, but in the consideration of it. Defendants' counsel was then permitted to proceed with his reading of such portions of the record as he desired.

It is difficult to discover just cause for complaint on the part of the plaintiff here. Even assuming that the question of the admission of the portions of the record read by the defendants' counsel was an open one when the reading was permitted, we fail to see why the court's position was not a sound one, and, further, how the plaintiff could have been harmed thereby, since all the matter objected to, called out by the defendants' reading, bore no relation to the vital fact of the execution and delivery of the note.

The plaintiff assigns as error the admission upon the offer of the defendants of a deposition used upon the former trial of the defendant Mary J. Atwood, who, it appeared, was living and within the jurisdiction of the court, but mentally incompetent. There is no distinction between a deposition, and former testimony given in court, as to the principles to be applied. 2 Wigmore on Evidence, § 1408. In each case the controlling test is: Can the witness' knowledge be utilized by other means? If not, the use of the former testimony, other conditions in respect to it being met, is justified in the interest of justice by the necessity of the situation. It is the best evidence of which the case admits.

The death or absence from the jurisdiction of the

witness has frequently furnished the occasion for the introduction of his former testimony. Situations where the knowledge of the witness has become unavailable by reason of his mental incompetency have been less frequent; but the authorities are in general accord in taking the only logical and just position that they come under the same rule. 2 Wigmore on Evidence, §§ 1402, 1408; 1 Greenleaf on Evidence, § 163; *Regina* v. *Marshall,* Car. & Mar. 147, 148; *Whitaker* v. *Marsh,* 62 N. H. 477, 478; *Howard* v. *Patrick,* 38 Mich. 795, 799; *Rothrock* v. *Gallaher,* 91 Pa. St. 108, 112. "There is no real or practical difference between the death of the mind and the death of the body." *Marler* v. *State,* 67 Ala. 55, 65.

As for the other recognized conditions, they were all present in the case of Mrs. Atwood's deposition. The former cause was between the same parties and involved an investigation of the same set of facts under the same, or substantially similar, issues, so that there were the opportunity and motive for adequate cross-examination in the interest of the present plaintiff. 2 Wigmore on Evidence, § 1387; *Lane* v. *Brainerd,* 30 Conn. 565, 579; *Yale* v. *Comstock,* 112 Mass. 267, 268.

Other assignments of error pursued by plaintiff's counsel in their brief, relating, as they do, to the secondary phase of the case arising out of the prayers that the transfers by Mrs. Atwood to her codefendant be set aside, or the property appropriated to the satisfaction of the judgment upon the note, call for no discussion in view of the fact that there can be no recovery upon it under the finding.

There is no error.

In this opinion the other judges concurred.