### THOMAS N. COOKE *vs.* EDWIN A. WEED.

* First Judicial District, Hartford, May Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Declarations relating to a conspiracy, made by one conspirator in the absence of the other, are admissible in evidence after the existence of the conspiracy has been prima facie established to the satisfaction of the trial court; although the ultimate determination of

---

* Transferred from the third judicial district.

Cooke *v*. Weed.

whether there was a conspiracy or not is for the jury upon all the evidence in the case.

In the present instance the trial court finally admitted the declarations, being satisfied, upon the production of additional testimony, that a prima facie case of conspiracy had been made out. *Held* that the evidence was sufficient to warrant such a conclusion.

In an action to recover damages for a vexatious suit, the plaintiff, a real-estate dealer in Greenwich, alleged and sought to prove that the suit was the culmination of a conspiracy between the defendant, Weed, and one Clark, since deceased, wherein the conspirators attempted to make it appear that the plaintiff had falsely and maliciously disparaged the title to certain land in Greenwich of which Weed had possession under an option of purchase, and had thereby prevented Clark from buying the property at a large advance over the option price, to the great loss of Weed; but that such purchase was a mere pretense arranged by Weed and Clark in order to obtain the plaintiff's opinion respecting the title and then sue him for having defeated the sale. In support of these allegations the plaintiff called the widow of Clark and offered in evidence certain declarations which he had made to her in the absence of the defendant. *Held:*—

1. That his statement, as he was leaving home, that he was going to Greenwich as a favor to Weed to trap a real-estate man there by the name of Cooke (the plaintiff), having been made during the continuance of the conspiracy and in explanation of an act in furtherance of it, was properly admitted in evidence under the well-settled rule in such cases.

2. That his affirmative answer to her inquiry as to whether he had received the letter from Cooke advising him not to buy the real estate because of its defective title, was also properly admitted in evidence and for like reasons; but that if otherwise, its admission was harmless, inasmuch as the receipt of this letter by Clark was an undisputed fact in the case.

3. That Clark's declaration of the sum he was to receive as his share if the deal went through, although relevant upon the question whether there was in fact a conspiracy, was not admissible as against Weed, because not made in furtherance of the conspiracy; but that inasmuch as it appeared that the witness had called Weed's attention to this statement of her husband and Weed had not denied its truth, thus making the declaration substantially an admission of his own, its reception in evidence was not prejudicial to the defendant.

4. That Clark's characterization, at a later time, of the whole transaction as "some more of Weed's dirty work," not having been objected to nor any motion made to strike it out, could not now be made a reason of appeal.

5. That inasmuch as the memorandum of decision in the former action was made part of the complaint in the present case and was admitted by the defendant in his answer to state correctly the issues which were determined by the judgment in that action, it was proper for the trial court to allow the jury to consider such memorandum in determining whether there was a flaw in the title to the Weed land.

6. That evidence showing that for years a rumor had existed in real-estate circles in Greenwich that the title to the Weed property was defective, was properly admitted, since that fact, in connection with proof of Weed's knowledge of it, was the foundation of the alleged conspiracy.

An assignment of error must specify the particular "declarations of future intentions" and the particular "narrative of past events" which are claimed to have been improperly admitted in the testimony, otherwise the assignment fails to conform to the requirement of the statute (§ 798) and is too vague and general to merit consideration.

Submitted on briefs May 2d—decided June 2d, 1916.

ACTION to recover treble damages for a vexatious suit, brought to the Superior Court in Fairfield County and tried to the jury before *Williams, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*John C. Chamberlain* and *Elbert O. Hull,* for the appellant (defendant).

*Homer S. Cummings* and *Raymond E. Hackett,* for the appellee (plaintiff).

THAYER, J. On December 19th, 1910, the defendant, Weed, brought an action against the present plaintiff, Cooke, alleging that on the 17th of November, 1910, he, Weed, was the possessor, under an option for purchase, of certain real estate in Greenwich of the value of only $50,000, that being the price which he was to pay for the property, and that on that date one William H. Clark orally agreed with him to buy the

property from him at the price of $84,000; that Clark, through his agent, wrote to Cooke, who was a real-estate dealer in Greenwich, asking Cooke about the property, intending to rely and act upon such information as he might receive from him; that Cooke, in reply to the letter, advised Clark not to buy the land, and stated as a reason therefor that the title to the property was not good, and that if he should buy the same he would be purchasing a law-suit. The complaint alleged that said statement of Cooke as to said title was false and malicious, and was made for the purpose of preventing Weed from making said sale; that it caused said Clark to refuse to carry out his bargain, so that the sum of $34,000 was lost to Weed by means of said false statements.

The complaint in the present action alleges the bringing of the former action by Weed and makes the pleadings in that case a part of the complaint; alleges that the action was tried in the Superior Court and resulted in a judgment for Cooke, as appears by the memorandum of decision in that case, which is made a part of the complaint in the present action; alleges that the material allegations of the complaint in the former action, indicating them by reference to the paragraphs of the complaint, were false and malicious, that they were made, and that that action was brought, from motives of malice and in furtherance of a conspiracy as set forth in the third defense to that action, and that there was no probable cause for said suit; and that Weed well knew when he brought it that he had no right of action against Cooke, the present plaintiff. The answer admits the bringing of the former action, that the issues and judgment were as stated, and denies the other allegations.

The plaintiff, Cooke, offered evidence to prove that the original suit was brought pursuant to a conspiracy

between the defendant, Weed, and Clark, who is dead. Several questions raised by the appeal relate to the admission by the court of declarations relating to the conspiracy, made by Clark as a co-conspirator of the defendant, in his absence. It is first claimed that before offering the declarations no proof of the existence of a conspiracy had been offered. The rule is well settled that before such declarations can be admitted, sufficient evidence must be offered to establish prima facie the fact of the existence of the conspiracy between the parties, and that when such amount of proof has been offered to the satisfaction of the court, such declarations are admissible. It is for the court to decide whether this has been done before admitting the evidence of the declarations. *Knower* v. *Cadden Clothing Co.*, 57 Conn. 202, 223, 17 Atl. 580; *State* v. *Thompson*, 69 Conn. 720, 726, 728, 38 Atl. 868. The trial court refused to admit the declarations in question, when first offered, upon the ground that such prima facie case of conspiracy had not been shown. Further evidence tending to show the existence of the conspiracy was then offered, after which the court, reviewing that evidence and drawing the inferences therefrom, admitted the declarations, declaring itself satisfied that there was then prima facie proof of a conspiracy between the parties. We think that the evidence referred to was sufficient to warrant the conclusion to which the court arrived, and that the declarations of Clark made during the conspiracy, and acts done by him in furtherance of it, were admissible.

The second reason of appeal is that the court erred in ruling, after it had decided that prima facie evidence of the fact of conspiracy had been introduced, that the narrative by Clark of past events and declaration of future intentions, made in the defendant's absence, was admissible. No narrative or specific declarations are

pointed out as those which are claimed to be erroneous, and for this reason this assignment of error is too vague and general, and fails to specify, as the statute and rules require, the precise rulings complained of. The sixth reason of appeal, however, assigns error in admitting certain questions and answers which are specified, and it is apparent from the requests for a finding, the finding itself, and the defendant's brief and argument, that the rulings complained of in the sixth reason of appeal contain those referred to in the second reason, and that the latter states the ground of the defendant's objection thereto, namely, that the questions called for, and the answers gave, narrations of past events or of future intentions.

The first of the questions excepted to, paragraph A of the sixth reason of appeal, does not relate to the declarations of Clark and need not be considered as it was not referred to in the brief or oral argument in behalf of the defendant. Paragraphs B, C, D and E refer to such declarations. In them Mrs. Clark, the wife of the claimed co-conspirator, was permitted to testify that as her husband was one day asking her to prepare for his going to Greenwich, "I asked him what he was going to Greenwich for. He said that he was going to do a favor for Mr. Weed; that Mr. Weed wanted him to go up there to trap a real-estate man by the name of Cooke"; that after his return she asked him what he was to get out of it, and "he said that Mr. Weed promised him $10,000 if the deal went through"; that afterward, and after she had heard her husband and Weed talking about a letter and Weed had said to her husband, "All we have got to do is to get him [meaning Cooke] to put it in writing and then we have got him, Bill," and that when they should get the letter, "Then, Bill, we can go ahead," she asked her husband if they got the letter from Greenwich and he

said "Yes"; and that her husband at another time, speaking of the whole transaction, "said that it was some more of Weed's dirty work."

The last declaration characterizing the transaction was not objected to. Had it been, it doubtless would have been excluded, or upon motion stricken out. It is not within the reasons of appeal as "a narration of a past event or a declaration of a future intention," and was not referred to in the brief or argument. It affords no ground for an appeal, because not called to the court's attention by an exception or motion to strike out.

Paragraph B shows a declaration of Clark, who was preparing to go from his home in New York to Greenwich in furtherance of the conspiracy, of his purpose in going there, namely, to trap a real-estate man, Cooke. His declaration was a part of the transaction in which he was engaged, was made during the continuance of the conspiracy, and characterized his act as in furtherance of it. It was therefore admissible under the well-settled rule relating to the declarations of co-conspirators.

The declaration as to the sum which Clark was to receive as his share if the deal went through, was also made during the continuance of the conspiracy. The fact that he was to receive $10,000 if the deal went through, that is, if Weed recovered in his action against the present plaintiff, was clearly relevant upon the question whether there was a conspiracy, which was a fact which the jury were to pass upon, although a prima facie case had already been made out to the satisfaction of the court. The only objection to it was that it was not admissible as against Weed, because it was not made in furtherance of the conspiracy but was a declaration as to a fact already past. This is true, and if this declaration of Clark stood alone it might be

difficult, for the reason given, to sustain its admission against the defendant's exception. But it appears from the testimony that the witness afterward, while the suit of Weed against the plaintiff was pending, called Weed's attention to Clark's declaration that Weed had promised her husband to pay this $10,000 if the deal went through, and that Weed did not deny it. This makes the declaration of Clark substantially an admission of the defendant, and the admission of Clark's declaration was not harmful to the defendant and does not warrant the granting of a new trial.

The remaining declaration of Clark, claimed to have been wrongfully admitted, is that relating to the receipt of the plaintiff's letter. The witness had heard her husband and Weed talking of the former's visit to Greenwich, and saying that it was important to get a letter from the plaintiff and that if they could get a letter from him so as to have his statement in writing, "then they had got him." She afterward asked her husband if he got the letter from Greenwich and he said "Yes." His receiving the letter was while the conspiracy was in progress and was an act done in pursuance and furtherance of it. It was one step in the proceeding. We think the ruling admitting it is sustainable upon this ground. But there was no dispute about this fact and it was fully proved by the pleadings and the evidence in this case. Weed based his action against the plaintiff upon the fact that the latter had written and Clark received this letter, and this appeared in the pleadings of that case which were made a part of the complaint in the present case. And this letter with the other letters written by the parties were put in evidence in the present case without objection in making out a prima facie case of the fact of the conspiracy. If, therefore, the declaration, for the reason

given, was improperly admitted, the error was a harmless one.

There was no error in admitting in evidence the court's memorandum of decision in the suit of Weed against the plaintiff, and permitting the jury to consider it as bearing upon the question whether there was a flaw in the title to the land under discussion in that suit. The complaint in the present case alleges that judgment in that action was for the present plaintiff "as appears by the memorandum of decision therein." This is admitted by the answer. While the memorandum of decision is not a part of the record unless expressly made so by the trial judge, and the judgment-file speaks for the court as to what issues were determined by the trial, the defendant might, and did in the present case, admit that the memorandum correctly states the issues which were determined by the judgment. It was proper, therefore, that the memorandum should be placed before the jury and that they should be allowed to consider it in determining whether there was a flaw in the title of the Weed land which was in question upon the trial.

It is assigned for error that the court allowed evidence to be offered showing that for years it had been a common rumor in real-estate circles in Greenwich that the title to the Weed property was defective. This was offered as an essential fact in the plaintiff's claim that there was a conspiracy to obtain from him a letter stating that the title was defective and then vex him with a suit. His claim was that Weed knew of these rumors and that he and Clark believed that by reason of them they could get such a letter from him as would suit their purposes. The conspiracy proved, the defendant's malice was proved and the absence of probable cause for the first action. The fact that such a rumor prevailed among the real-estate dealers in Greenwich,

Clark *v.* Sykes Co.

in connection with proof of Weed's knowledge of it, was the foundation upon which the conspiracy was based, and evidence of its existence was properly admitted. There is no error.

In this opinion the other judges concurred.