## THE ANTONIO PEPE COMPANY, INC. *vs.* SALVATORE APUZZO ET AL.

Third Judicial District, New Haven, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A complaint alleging a conspiracy to steal the plaintiff's merchandise, and its consummation, referred to the combination as designed "to cheat and defraud" the plaintiff. *Held* that while this was not a proper allegation of fraud or deceit, it was evidently used to characterize in a general way the nefarious intent of the defendants and as merely introductory to the primary charge of conspiracy and theft.

Whether a prima facie case of conspiracy has been made out against one of the defendants, so as to admit evidence of declarations of his alleged co-conspirators, can be determined by this court upon appeal only where there is a proper finding setting forth the state of the evidence when the testimony relative to the declarations is offered. The fact that the entire evidence is before this court for the purpose of correcting the finding, cannot supply the place of such a finding. Even were the evidence to be examined in detail by this court, it would rarely result in any conclusion adverse to the ruling of the trial court, since its determination of the amount of evidence required to make a prima facie case is largely within its discretion, as well as the order of proof.

The trial court found the unlawful taking and carrying away of the plaintiff's goods as alleged, but called it a "robbery." *Held* that this was a harmless error or immaterial variance.

A request for a finding for the purpose of reviewing rulings upon evidence, must comply with the rule (Practice Book, 1922, p. 272, § 133) by accompanying each ruling with a *verbatim* typewritten copy of the objection, the evidence and ruling thereon, and enough of the evidence before and after to show under what circumstances the ruling was made, to the end that the point involved may be clearly indicated. A mere statement in the draft-finding that the court erred in admitting the testimony of certain witnesses named, is not a compliance with the rule, and the request for a finding may be properly refused by the trial judge. Nor is it sufficient to quote a few questions and answers without their context, or to refer to the admission of testimony upon certain pages of a transcript of the whole evidence which has been filed as an aid in securing desired corrections in findings of fact. The rules are specific and precise in their requirements, and reasonable compliance therewith will be expected of counsel.

This court is not concerned with the weight or sufficiency of evidence produced: that is the function of the trial court. Unless a fact is found without any evidence, or is found in language of doubtful meaning, the finding as made must stand.

A reason of appeal to the effect that certain specified paragraphs of the finding were "without any sufficient evidence to support them, and contrary to the facts as proved," is a mere invitation to this court to retry the case upon the whole evidence.

Argued January 24th—decided April 18th, 1923.

ACTION to recover damages for stealing a large quantity of merchandise from the plaintiff's place of business and disposing of the same pursuant to an agreement and conspiracy between the defendants, brought to and tried by the Superior Court in New Haven County, *Banks, J.;* facts found and judgment rendered for the plaintiff for $2,729 against both defendants, and appeal by the defendant Salvatore Apuzzo. *No error.*

The complaint in its first paragraph alleges as follows: "On or about August 4th, 1921, the defendants, combining and conspiring together to cheat and defraud the plaintiff, did entice, employ and persuade certain other parties to break and enter the plaintiff's place of business in New Haven, and carry away therefrom a large quantity of goods, the property of the plaintiff." It also alleges in succeeding paragraphs, that pursuant to such conspiracy the defendants with agents and accomplices broke into plaintiff's place of business and stole merchandise of the value of $3,788.66, and disposed of the same to their profit and advantage.

The trial court found that the unlawful taking charged in the complaint took place as alleged, and that the stolen property was removed to a small shack in the woods in East Haven, Connecticut, and proceeded to find the following paragraphs: 3. The robbery was the result of a conspiracy to rob the plaintiff, in which conspiracy Antonio Nuzzo, Clem Pisci-

telli, Victor E. Smith, one Ralph from Springfield, whose last name is unknown, Louis Gennero, Mike Miolene, Giro Apuzzo and Salvatore Apuzzo, took part. 4. The defendant Salvatore Apuzzo was, on August 4th, 1921, engaged in the wholesale and retail tobacco business, at number 192 Wallace Street, in New Haven, and his brother, the defendant Giro Apuzzo, previous to and at the time of the robbery, and for some time subsequent thereto, occupied part of the same building as a dwelling. 5. The house of Giro Apuzzo and the store of Salvatore Apuzzo were the places where the aforesaid conspirators met and where the plans were laid. 6. Under the terms of the conspiracy, Salvatore Apuzzo was to receive the stolen property, and he actually did receive a portion of it which was on August 4th, 1921, removed from the shack in East Haven in a truck owned by Salvatore Apuzzo and driven by his brother-in-law who was in his employ. 7. Goods belonging to the plaintiff of the value of $857.50 were recovered by the police on or about August 8th, 1921, from the shack in East Haven where they had been taken on the night of the robbery. Plaintiff's goods of the value of $321.96 were also recovered in Derby at about the same time, where they had been shipped following police inquiries at the store of said Salvatore Apuzzo.

The court rendered judgment against both of the defendants, Giro Apuzzo and Salvatore Apuzzo, to recover $2,729.19 and costs. Only the latter defendant appealed. Further facts appear in the opinion.

*George W. Crawford*, for the appellant (defendant Salvatore Apuzzo).

*Philip Pond* and *Raymond E. Baldwin*, for the appellee (plaintiff).

KEELER, J.   At the outset the appellant attacks the judgment of the court on the ground that there was a total failure to prove the cause of action alleged in the complaint, in that the complaint sets up a conspiracy to cheat and defraud the plaintiff, while the trial court found a conspiracy to rob, based on the facts found by it, as appears in the preceding statement of facts. Counsel contends that the meaning of the words "cheat and defraud " is established in law as applied to inducing a person to part with the possession of property by reason of intentionally false representations relied and acted upon by such person to his harm.   Such is undoubtedly the usual meaning of these words, and there is nothing in the facts found by the court to indicate that any persons combined to cheat and defraud the plaintiff in the way just indicated.   The first paragraph of the complaint, as quoted in the statement of facts, was put in issue in the trial of the case by a general denial, and after trial the court found all the issues in favor of the plaintiff, as appears by the judgment-file. The facts set forth in the finding entirely justify the finding on the issues made by the court, and particularly those arising out of the allegations of the first paragraph of said complaint, reasonably construed.   The words "cheat and defraud" are evidently intended to characterize in a general way the nefarious intent of the defendants, and as merely introductory to the primary allegation of a conspiracy to cause the breaking into the plaintiff's place of business and the taking of goods therefrom.   As the words stand, they would not constitute a proper allegation of fraud or deceit.   These words can be rejected as surplusage, and there will still remain a good allegation of an actionable wrong. It is evident that the case was tried upon this assumption, as in the third paragraph of the finding the court says: "The robbery was the result of a conspiracy to

rob the plaintiff," which here evidently means the theft and transportation of plaintiff's goods, as the transaction carried out was not the criminal offense of robbery, but, as a crime, constituted statutory burglary. The question of a variance was not raised at the trial, nor afterward by a motion in arrest, nor is it specifically assigned as a reason of appeal in this court. Even though the question were properly before us, we regard the variance as immaterial, and cured by the general finding of the issues for the plaintiff.

Desiring to present for review certain rulings of the trial court upon questions of evidence, defendants' counsel in the trial court submitted a draft-finding in which the rulings presented for review are stated by simply saying that the court erred in admitting the testimony of certain witnesses, without in any way indicating the circumstances under which the rulings were made, and not accompanied by a transcript of the stenographer's notes containing the testimony and rulings of the court thereon. The trial judge declined to make a finding as requested, for the reason that counsel had not complied with the rule governing such procedure, Practice Book (1922) § 133, p. 272, but extended the time for filing an amended draft-finding. This latter was later filed, but still failed to comply with the provisions of the rule, in that it in some instances merely quoted a few questions and answers without indicating the point involved, and in others claimed error in admitting testimony as appearing upon certain pages of a transcript of the whole evidence, which had been filed as an aid in securing certain corrections in findings of fact. The trial judge refused to adopt this amended request for the reasons just stated, and properly so, and his action in so doing is assigned as error in the appeal, and we are requested to add these paragraphs to the finding.

Counsel for defendant on appeal (of whom in fairness it should be said that he did not participate in the trial of the action), urges that while the method adopted by the trial counsel is not to be commended, and doubtless would have made the preparation of the finding more laborious, yet the same was within the terms of the rule, and owing to the peculiar exigencies of a case involving a claim of conspiracy, it was difficult to know just what to include in connection with any given objection, and therefore counsel sought to be on the safe side and submitted the entire evidence; also, that it would be most unfortunate if the appellant should lose the opportunity of presenting important claims "merely through the ineptitude of counsel." To adopt the view of counsel in this regard would be to dispense with all advantage and convenience resulting from reasonable compliance with the established rule, and a record made up upon the plan pursued in the specimen before us, gives no proper indication to the appellate court or to opposing counsel of the exact points intended to be raised. To forestall the ineptitude of counsel is a not unimportant purpose in the adoption of specific and precise rules of practice.

Upon the record presented we cannot consider the evidential questions raised, nor correct the finding so as to make them parts thereof. The review of the evidence made necessary by the motion of the appellant to correct the finding of fact in certain particulars, has, however, involved an incidental examination of these evidential questions, and we cannot see that the trial court erred in any harmful way.

Passing to the motion to correct the finding by striking out from paragraph three the name of Salvatore Apuzzo, and from paragraph five the words "and the store of Salvatore Apuzzo," and from paragraph seven the words "following police inquiries at the store of said

Salvatore Apuzzo," and also excepting to the entirety of paragraphs three, five, six, and seven of the finding, we note that in the reasons of appeal it is claimed that the trial judge erred in his findings in all of these paragraphs because the same are "without any sufficient evidence to support them, and are contrary to the facts as proved." These reasons contain an invitation to us (improper but not infrequent) to retry the case upon the whole evidence. We are not concerned with the sufficiency or weight of evidence produced: that is the function of the trial court. Unless a fact is found without any evidence, or found in language of doubtful meaning, the finding must stand. Treating the reasons, however, as claiming that the facts involved were found without evidence, we can find nothing to support this claim. Though extremely contradictory testimony exists in the case, we do not discover any finding by the trial court not sustained by evidence legally applicable.

There remain for consideration reasons of appeal numbered eighteen to twenty-two inclusive, purporting to be assignments of errors of law, each of which, with the exception of number twenty-two, sets forth that there was "no legally sufficient evidence or proof" of certain facts contained in the finding made by the court. Assignments of error of this nature only assert errors of fact, faulty conclusions or lack of conclusions from the evidence in the case, and are not to be considered. Where such claimed errors go to the extent of finding a material fact without evidence, or of refusing to find an admitted or undisputed fact material to the case, they are properly considered on an appeal from the denial of a motion to correct the finding made to the trial court; otherwise they are of no consequence and have no place in the case. The motion to correct the finding was addressed to these same claimed improper findings, and, had it prevailed, would have

accomplished the result sought in the reasons of appeal just referred to. As we have seen, this motion to correct was properly denied.

The twenty-second reason of appeal is that no prima facie case was made out against the defendant Salvatore Apuzzo so far as to admit evidence of declarations of alleged co-conspirators. There is nothing in the finding by which a consideration of this reason can be claimed or supported. The only orderly method by which this object can be obtained is by a proper finding setting forth the state of the evidence at a given stage of the case, and the testimony then sought to be introduced relative to the declarations. *State* v. *Thompson,* 69 Conn. 720, 727, 38 Atl. 868. Nothing of this sort or approximating thereto appears in the record before us, and the fact that for purposes of correction we have the whole record before us, does not allow a detailed examination of the same for the purpose of considering the alleged error. Could we lawfully pursue such a course, it would rarely occur that there would result any conclusion adverse to the ruling of the trial court, for the reason that the amount of evidence necessary in that regard lies within the discretion of the trial court, which will not be questioned unless abused, *Knower* v. *Cadden Clothing Co.,* 57 Conn. 202, 222, 223, 17 Atl. 580; *Cooke* v. *Weed,* 90 Conn. 544, 548, 97 Atl. 765; also the order of proof lies within the discretion of the court. *State* v. *Thompson, supra,* 726.

There is no error.

In this opinion the other judges concurred.