DEVEREUX ROBINSON, TRUSTEE, *vs.* ANNIE DOBBINS ET AL.

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and MARVIN, Js.

Argued April 13th—decided June 18th, 1928.

*Harry L. Edlin* and *Arthur Klein,* with whom, on the brief, was *Harry Freedman,* for the appellants (defendants).

*Charles W. Atwater* and *Kenneth Wynne,* with whom, on the brief, was *Thomas R. Robinson,* for the appellee (plaintiff).

HINMAN, J.   The trial court found that on or about September 15th, 1921, Christine Dobbins purchased, with her own money, certain bonds, and was the owner in possession thereof until December, 1924, when she sold them; that on January 6th, 1925, and within four months prior to her adjudication in bankruptcy in New York, she transferred the proceeds of the sale, amounting to $5,250, to her mother, the defendant Annie Dobbins; and that the transfer was without consideration and for the purpose of defrauding her creditors.

On the trial the plaintiff offered, and the court admitted, over objection by the defendants, depositions of stenographers for the referee in bankruptcy in New York, that certain testimony was given, before the referee, by Annie Dobbins and Christine Dobbins, as to their respective financial transactions, and error is assigned in the admission of such declarations of each, as against the other.   The court found, justifiably, that these two parties fraudulently conspired together to conceal the bonds and the money received therefor; consequently the declarations of one were admissible against the other.   *Cooke* v. *Weed,* 90 Conn. 544, 548, 97 Atl. 765; *Knower* v. *Cadden Clothing Co.,* 57 Conn. 202, 17 Atl. 580; 2 Wigmore on Evidence (2d Ed.) §1079.   Appellants based their objection principally upon the ruling in *Todd* v. *Bradley,* 99 Conn. 307, 122 Atl. 68, that the nature of a general examination of a bankrupt before a referee is not such as to render the testimony of a witness, since deceased, given upon such examination, admissible in a subsequent action against the bankrupt.   But the present occasion is not one where, as in that case, it is sought to utilize evidence given in a former proceeding by a witness who is now unavailable by reason of death or other cause.   *Atwood* v. *Atwood,* 86 Conn. 579, 583, 86 Atl. 29; 3 Wigmore on Evidence, §1402 *et seq.;* 22 Corpus Juris, p. 427.   The

statements here in question were declarations made by parties jointly charged with fraud and found to have been conspirators, during the continuance of the conspiracy and in attempted furtherance of it, and were admissible not only against the declarant but also against the other as a party thereto, irrespective of whether they were made in or outside of judicial proceedings. *Cooke* v. *Weed, supra,* p. 550.

Evidence as to the financial condition and transactions of the parties in 1921, when the bonds were purchased, and thereafter to the time of the transfer, was relevant as tending to prove the allegations in issue and its admission was not erroneous by reason of remoteness, or otherwise, especially in view of the latitude allowed where a question of fraud is involved. *Kornblau* v. *McDermant,* 90 Conn. 624, 634, 98 Atl. 587; *Wilcox* v. *Downing,* 88 Conn. 368, 373, 91 Atl. 262; 27 Corpus Juris, p. 50.

At least since the amendment of the Bankruptcy Act, in 1910, Chapter 412, §8, 36 U. S. Stat. at Large, 840 (U. S. Comp. Stat., 1916, §9631), providing that the trustee "shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied," a trustee is not required to allege and prove a deficiency of assets, in an action to recover property fraudulently transferred. *Conquest* v. *Goldman,* 121 Me. 335, 117 Atl. 236; *Kraver* v. *Abrahams,* 203 Fed. 782, 29 Amer. B. R. 365; 2 Collier on Bankruptcy (13th Ed.) pp. 1053, 1326. The reason of appeal based upon the absence of such an allegation from the complaint is without merit, and the admission of evidence of the trustee that he had received no assets, objected to as not being alleged, was, at most, harmless.

Most of the corrections sought to be made in the finding depend upon the exclusion from the record of

the above-mentioned evidence, unsuccessfully contended to have been inadmissible. The evidence, as it stands, supports the finding in these respects.

Appellants claim that the finding that the transfer was made within four months of adjudication in bankruptcy lacks support from the evidence, since there was no specific proof of the date of the entry of the decree of adjudication. A certified copy of the appointment of the trustee, on April 21st, 1925, and approval of his bond, was introduced in evidence. Appointment of a trustee necessarily imports a prior adjudication. Since the transfer is found to have been made on January 6th, 1925, and less than four months before the appointment of the trustee, the exact prior date of actual adjudication is immaterial. Furthermore, the Bankruptcy Act declares void "all conveyances, transfers, assignments, or incumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt . . . within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them," (§107 (e), 11 U. S. C. A.) and, the finding shows, Christine Dobbins filed her voluntary petition on March 28th, 1925.

Advantage is attempted to be taken, also, of the fact that while the complaint alleges a fraudulent transfer of money, and the finding is of a transfer of the cash proceeds of the sale of the bonds, the conclusion states that Christine Dobbins bought the bonds in question with her own money and fraudulently conveyed them to Annie Dobbins. However, since the subordinate facts found accord with the allegations of the complaint and are sufficient to support the judgment, this obviously inadvertent misstatement in the conclusion is of no material effect. *Twiss* v. *Herbst,* 95 Conn. 273, 278, 111 Atl. 201. The further statement in the con-

clusion, that the defendant Annie Dobbins took an active part in the fraud and conspiracy, objected to as not founded on any allegation in the complaint, is fairly to be construed as merely negativing good faith on her part in accepting the transfer.

There is no error.

In this opinion the other judges concurred.