JOHN W. GOODSELL *v.* FRANK BRIGHENTI ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 7—decided February 17, 1942.

*Howard W. Alcorn,* for the appellants (defendants Anthony and Bartholomero Aloisi).

*Francis P. Pallotti,* with whom was *Joseph J. Fauliso,* appeared for the appellant (named defendant) but did not argue the cause.

*Robert L. Halloran,* with whom was *Thomas J. Hagarty,* for the appellee (plaintiff).

JENNINGS, J. The finding, with such corrections as the evidence requires, may be summarized as follows: Transylvania Road runs north from Southbury to Woodbury. It has an oiled surface about twelve or thirteen feet wide. At the place of accident the road is straight for about five hundred feet, this straight section being terminated by curves at both the south and north ends. Just south of the northerly curve there is a high bank on the west side of the road. The accident occurred on September 6, 1938, and on that day the road north of the northerly curve was being oiled. This work was not visible to a person traveling north on the straight stretch of road nor were there any signs warning of danger. The work was in charge of the plaintiff, second selectman of Woodbury, sixty-one years of age. He was quite lame and also suffered from heart trouble. He had taken a position some distance south of the northerly curve to stop traffic from proceeding on the oiled but unsanded portion of the highway. He was dressed in working clothes and had no badge, flag or other device indicative of his authority.

The defendant Bartholomero Aloisi, as agent of the other defendants, was driving an empty truck north toward Woodbury at thirty or forty miles per hour. When he entered the straight stretch, he saw or should have seen the plaintiff but did not slow down. Just

before he reached the plaintiff he swerved to his left (west), put on his brakes hard and stopped five or six feet south of the point where the plaintiff had been standing, headed in a northwesterly direction and close to where the plaintiff was lying after the accident. When the plaintiff heard the approach of the defendants' truck as it entered the straight stretch, he was standing west of the center of the highway. He waved both arms vigorously and walked southerly, first east and then west of the center of the highway. When he was somewhat to the west side of the road, the driver of the truck suddenly swerved to his left. Thereupon the plaintiff made a leap or jump for the bank on the west side of the highway, fell just in front of the truck and seriously injured his lame leg. The truck did not strike the plaintiff.

The failure of the driver of the truck to slow down and his turning to the left, the side on which the plaintiff was standing waving his arms, form a sufficient basis to support the conclusion that he was negligent. This would be obviously so if he had known that the plaintiff was engaged in directing traffic. *Beyrent* v. *Kaplan*, 315 Pa. St. 353, 355, 172 Atl. 651; *Koppang* v. *Sevier*, 106 Mont. 79, 102, 75 Pac. (2d) 790; 3 Berry, Automobiles (7th Ed), § 3.433. Even if he did not know this, the question is one of fact under the finding. *Pfaff* v. *Smith Express Co.*, 120 Conn. 553, 556, 181 Atl. 621, and cases cited; *Duggan* v. *Byrolly Transportation Co.*, 121 Conn. 372, 376, 185 Atl. 85; *Marini* v. *Wynn*, 128 Conn. 53, 55, 20 Atl. (2d) 400.

Both the finding and memorandum of decision show that the question of the contributory negligence of the plaintiff was carefully considered by the trial court. The trial court could reasonably conclude that it was not negligence on his part to assume that the truck driver would heed his warning. *Rozycki* v. *Yantic*

*Grain & Products Co.,* 99 Conn. 711, 715, 122 Atl. 717; *Distefano* v. *Universal Trucking Co.,* 116 Conn. 249, 251, 164 Atl. 492; *Duggan* v. *Byrolly Transportation Co.,* supra, 375; *Beyrent* v. *Kaplan,* supra, 355; *Mecham* v. *Crump,* 137 Cal. App. 200, 203, 30 Pac. (2d) 568; 5-6 Huddy, Cyclopedia of Automobile Law (9th Ed.), § 108. The finding considered with the memorandum shows that the court specifically found that the failure of the plaintiff to place warning signs was not a substantial factor in causing his injuries. *Merchants Transportation Co.* v. *Daniel,* 109 Fla. 496, 506, 149 So. 401. The court also considered the effect of General Statutes, § 6191, relied on by the defendants, but this statute establishes no standard as regards negligence other than that of the common law; *Atkins* v. *Varrone,* 127 Conn. 156, 159, 14 Atl. (2d) 731; and it does not strengthen the case of the defendants. The finding, as corrected, does not require us to hold, as a matter of law, that the plaintiff failed to establish his cause of action.

The principal claim of the defendants is that the corrections in the finding materially vary the conditions governing the conclusions of the trial court and that they are therefore entitled to a new trial. *Papa* v. *Landow & Co., Inc.,* 118 Conn. 263, 266, 171 Atl. 670; *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 36, 170 Atl. 146, and cases cited; Conn. App. Proc., §§ 10, 175. They base this claim on the fact that in two paragraphs of the finding made by the trial court, as well as in the memorandum of decision, the statement is made that the plaintiff jumped to the east instead of to the west as appears in the corrected finding. If this were in fact the basis of the trial court's conclusion, the rule cited would apply. On a study of the entire record and exhibits, however, we are of the opinion that the indicated use of east for west was rather the inad-

vertent mistake which occurs occasionally in such circumstances and that it had no material effect on the conclusion reached which must have been based on the events as they actually occurred. The photographs show that there was a bank on the west and none on the east and all the witnesses agree that the plaintiff jumped for the bank on the west. This conclusion is fortified by a finding that the truck came to a stop headed in a northwesterly direction, close to where the plaintiff was lying. This could hardly be so unless the court visualized the plaintiff as on the west side. Similar obviously inadvertent statements in a charge are rarely a cause for reversal. Conn. App. Proc., § 49; and see *Robinson* v. *Dobbins*, 108 Conn. 58, 62, 142 Atl. 572.

There is no error.

In this opinion the other judges concurred.