MAX ROGOFF *v.* THE SOUTHERN NEW ENGLAND CONTRACTORS SUPPLY COMPANY, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 2—decided March 5, 1943.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New London County and tried to the jury before *O'Sullivan, J.;* verdict and judgment for the plaintiff and appeal by the defendant. *No error.*

*Charles V. James* and *Arthur T. Keefe,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant).

*Francis F. McGuire,* with whom was *Samuel M. Gruskin,* for the appellee (plaintiff).

JENNINGS, J. This matter was before this court in *Boiselle* v. *Rogoff,* 126 Conn. 635, 13 Atl. (2d) 753. The general picture is adequately presented in that case. The plaintiff's claims of proof in so far as they are necessary to present the legal issues in this case are as follows: On November 17, 1936, the defendant company was engaged in the general construction business in New London and the plaintiff ran a service station. On that day the defendant sent to the plaintiff a punctured truck tire to be repaired. On inspec-

tion, the split rim on which the tire was mounted was found by the plaintiff and the defendant's employee to be defective, worn, cracked and unfit for use. The plaintiff junked the rim and refused to allow the defendant's employee to take it back, telling him that if the defendant attempted to repair it someone might get killed. Thereafter, the rim in some way was recovered by the defendant. If the rim was repaired by welding (as the defendant claimed), the man who did it was inexperienced, and a welded rim is not, in any event, reasonably safe to use, as the defendant should have known. On November 24, 1936, Boiselle, another employee of the defendant, was sent with the defective rim to the plaintiff's place of business, where he mounted the repaired tire and tube and inflated it with ten pounds of air. Neither the plaintiff nor any of his employees saw the rim until the tire had been mounted. Boiselle then requested Parker, an employee of the plaintiff, to inspect and inflate the tire. Parker found the tire properly mounted, put in sixty-five pounds of air and left the tire leaning against the work bench. Thereafter Boiselle asked the plaintiff to help him put the mounted tire in the truck. The plaintiff assented and suddenly, without any warning, the lock ring flew off the tire, injuring the plaintiff severely. The plaintiff was in the exercise of due care and the defendant negligent.

The defendant claimed that the rim, while defective when recovered by it, was properly repaired and welded and not only the inflation but also the mounting was done by Parker, the employee of the plaintiff; that the latter was negligent; and that his negligence should be imputed to the plaintiff.

In its appeal from the judgment, the defendant stresses certain rulings on evidence. These are not properly set up in the finding. Practice Book, § 359.

*Pepe Co., Inc.* v. *Apuzzo,* 98 Conn. 807, 811, 120 Atl. 681; *Dressel* v. *Gregory,* 114 Conn. 718, 719, 157 Atl. 417. They cover over twenty pages of the printed record. The second so-called "ruling," for example, contains no less than seven exceptions taken by the defendant and there is nothing in the brief to indicate on which reliance is placed. The same is more or less true of the others. No specific ruling is mentioned in the brief but some of them are objected to on the ground that the opinions of nonexpert witnesses were not admissible as notice to the defendant that if the cracked rim was repaired it would be unsafe for use, and all thirteen are objected to as containing the opinion of witnesses not qualified to express them. This method of treatment has made it extremely difficult to find out what the defendant is driving at but since the rulings are the most important assignments of error we have decided to consider them. In view of the defendant's procedure, we shall treat the rulings in the same way, that is generally as opposed to specifically.

The statements objected to were made by the plaintiff and Robert E. Leslie. A number of the statements made by the plaintiff were to the effect that he informed the employee of the defendant who first brought the rim to him that if he took it back it would probably be repaired and it would kill somebody if it was used again. The trial court admitted this testimony for the purpose of showing that a statement by an experienced tire man as to the danger of using the rim even though repaired was brought to the knowledge of the defendant, and it repeatedly and emphatically cautioned the jury that the statements were not admitted to show their truth but, to quote one such caution, "merely to get home to the employer that something was said to the employee about this

tire, and it is not to be used by the Jury to prove that there was anything wrong with the tire." They were admissible for this purpose. *Hope* v. *Valente*, 86 Conn. 301, 305, 85 Atl. 541; *Lane* v. *United Electric Light & Water Co.*, 88 Conn. 670, 674, 92 Atl. 430; *First National Bank & Trust Co.* v. *Manning*, 116 Conn. 335, 339, 164 Atl. 881.

The plaintiff and Leslie also gave their opinions as experts as to the condition of the rim, its effect, and the possible causes of the accident. The plaintiff had had twenty-three years' experience with over a thousand tires and rims of this type. Leslie's qualifications were not fully stated in the finding but appear in the evidence at length. Under such circumstances we may refer to the latter. *Friedler* v. *Hekeler*, 96 Conn. 29, 34, 112 Atl. 651; *Katz* v. *Delohery Hat Co.*, 97 Conn. 665, 678, 118 Atl. 88. The trial court was fully justified in permitting both witnesses to testify to the opinions expressed by them. While it may be error to exclude the opinion of an expert, it is difficult to claim error in its admission because of the wide discretion allowed the trial court in ruling on this question. *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 Atl. (2d) 600. As is so often stated, the objection usually goes to the weight rather than to the admissibility of the evidence. *Ibid.* Wigmore repeats the rule but expresses the opinion that the court's ruling on this question should be final and not subject to appeal. 2 Wigmore, Evidence (3d Ed.), § 561. There was no error in the rulings on evidence.

The defendant's brief next takes up the denial of its motion to set aside the verdict. Its only statement on this subject is that "No evidence to support the allegations of negligence contained in the complaint was introduced other than non-expert opinions referred to under point I," discussed above. This

statement was not amplified in oral argument. It follows that, since the evidence was properly admitted, the only foundation for this assignment of error is removed.

There remain only the fourteen exceptions to the charge. Two of these were withdrawn. The plaintiff pleaded lack of contributory negligence. One error assigned is that the trial court did not specifically charge the jury that the plaintiff had the burden of proving lack of such negligence. The court charged the jury that the plaintiff must prove by the better and more convincing evidence that the defendant was negligent and this negligence was the sole proximate cause of the plaintiff's injuries, and that the latter involved proof that the plaintiff was not guilty of contributory negligence. It would have been wiser for the court to follow the usual method of treating the case as involving three principal issues upon which the plaintiff had the burden of proof: that the defendant was negligent, that this negligence was the proximate cause of the injury and that the plaintiff was not guilty of contributory negligence. But in this case the jury could only have reasonably understood the charge as placing the burden of proving lack of contributory negligence upon the plaintiff. Another assignment contains the familiar complaint that the trial court overemphasized the negligence of the defendant to the exclusion of the duty of the plaintiff to prove his own due care. In view of the full statement as to contributory negligence earlier in the charge this assignment is also without merit. The remaining assignments directed to the charge fall within the principle that, where a charge fairly presents the essential issues in a case, error will not be found in a failure to give specific instructions upon some special feature in the absence of request to do so.

*Coy* v. *Milford,* 126 Conn. 484, 488, 12 Atl. (2d) 641; Conn. App. Proc., § 65, p. 91.

The defendant assigns as error the failure of the trial court to submit to the jury two interrogatories, one addressed to the question whether the tire was mounted on the rim by an employee of the plaintiff or an employee of the defendant, and the other, whether the rim was reasonably safe for use. The record fails to show any request to the court to submit such interrogatories. They concerned subordinate issues and the trial court has a wide discretion in determining whether or not to submit such interrogatories. *Miller* v. *Connecticut Co.,* 112 Conn. 476, 481, 152 Atl. 879; *Burbee* v. *McFarland,* 114 Conn. 56, 63, 157 Atl. 538. Also, we would rarely, if ever, find error in the failure of a trial court to submit an interrogatory when it was not requested to do so.

Read as a whole, the charge was full and fair on the facts and the law and a sufficient guide to the jury. *Koskoff* v. *Goldman,* 86 Conn. 415, 423, 85 Atl. 588.

There is no error.

In this opinion the other judges concurred.