STATE OF CONNECTICUT *v.* ALFRED B. MORTON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 1-18841

Argued August 28—decided September 29, 1967

*Sidney Vogel,* of Norwalk, for the appellant (defendant).

*Robert J. Callahan,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant, having been convicted of larceny (shoplifting) in violation of § 53-63 (b) of the General Statutes,[1] has appealed, assigning error in the trial court's conclusions and in the denial of his motion for rectification of the appeal.

A brief summary of the finding indicates that the First National Store in Norwalk, for a period of six months prior to January 25, 1966, had a shortage in its inventory. On that day the manager was observing his checkers from a catwalk so designed as to make him invisible to the checkers. Around 11 a.m., the manager saw the defendant, then unknown to him, approach the check-out station operated by the defendant's wife. At that time the defendant had commodities in his cart which he removed and placed on a conveyor. The manager observed the defendant's wife ring up about three times. The manager, accompanied by the meat manager and two assistants, went to the wife's check-out station, where she was engaged in checking out another customer. The check-out was stopped. In the meantime, the commodities purchased by the defendant had been placed in containers identified by checks in the possession of the defendant and the containers were then on a conveyor destined for a pickup point outside the store. The defendant was outside the store about to pick up the commodities when he was interrupted by the manager. He admitted that the commodities were purchased by him, and he said he had paid $30 or

[1] "Sec. 53-63. LARCENY. SHOPLIFTING. (b) . . . Any person who wilfully takes possession of any goods, wares or merchandise offered or exposed for sale by any store . . . with the intention of converting the same to his own use, without paying the purchase price thereof . . . [shall be punished]."

$40 for the purchases. They were returned to the store and their total cost computed to be $51.73. The cash register contained a tape which recorded purchases. This tape indicated that the customer prior to the defendant had made purchases in the amount of $22.10, which was verified. The next order checked out on the tape, that is, that of the defendant, amounted to $1.18. The cash register was checked and revealed an overage of some $2. The defendant denied any knowledge of any wrong doing and blamed his wife for whatever had occurred. On the day of his trial, the defendant for the first time claimed he had given his wife $50. The wife did not testify. The court concluded that the defendant took possession of the merchandise and intended to convert them to his own use without payment and in fact did not pay for the purchases. The court also concluded that the defendant did not give his wife $50 and, further, that the state had proven guilt of shoplifting beyond a reasonable doubt.

The defendant admits that he wilfully took possession of the merchandise with the intention of converting the same to his own use, thus satisfying the first two requirements of the statute. He contends however, that the subordinate facts do not support the court's conclusions as they relate to the third essential element, that is, that he did not pay the purchase price thereof. When he was questioned by the manager he stated that he had given his wife $30 or $40 for the merchandise. At the trial, however, he testified he paid his wife $50. He argues that his wife was responsible and her conduct cannot be imputed to him. The defendant's contradictory statements relating to payment, the ringing up of some three items, the tape recording, his relationship to the check-out operator, his accusation of his wife, and her failure to appear as a witness are

significant circumstances weighed by the court. "It is axiomatic that the credibility of witnesses and the weight to be accorded to evidence are within the sole province of the trier of fact." *Ramadei* v. *Saccavino,* 150 Conn. 700. The intent of one not to pay for purchases can ordinarily be established only as an inference from other proved facts and circumstances and may be so inferred if the circumstances are such that a reasonable man of honest intentions, in the situation of the defendant, should have come to that conclusion. *State* v. *Heno,* 119 Conn. 29, 32. The subordinate facts and the reasonable and logical inferences to be drawn therefrom support the court's conclusion that the defendant possessed himself of merchandise and did not intend to pay the purchase price thereof. *State* v. *Pundy,* 147 Conn. 7, 12.

The second assignment of error is addressed to the trial court's denial of the defendant's motion to rectify the appeal. The defendant was convicted on June 10, 1966. On January 24, 1967, the defendant moved to rectify the appeal by adding to the record the file of a case in the Circuit Court, first circuit, entitled *State* v. *Mildred J. Morton,* File No. CR 1-18840. In his motion, the defendant alleged that the court in the instant case had found that his wife, Mildred Morton, did not testify. He further alleged that the material sought to be added, that is, the record in *State* v. *Mildred J. Morton,* included the testimony of Mildred and was an essential matter in the preparation of his assignment of errors in the instant appeal. The motion was denied. No reason is advanced as to why the defendant did not produce his wife as a witness if he believed, as he now claims, that her testimony was material. No claim is made that Mildred was an essential witness for the state. See *State* v. *Hogan,* 67 Conn. 581, 584; *State* v. *Segar,* 96 Conn. 428, 438. If the testimony

of the defendant's wife was material to his defense, it would seem that the defendant should have produced her or otherwise given some explanation as to her unavailability. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675. Furthermore, the former action was not between the same parties. See *Atwood* v. *Atwood,* 86 Conn. 579, 584; 29 Am. Jur. 2d, Evidence, § 738. In addition, testimony taken at a former trial is not admissible if the witness is obtainable. 2 Wharton, Criminal Evidence (12th Ed.) § 476. Aside from these impediments, the motion actually is not to make the record truly recount the proceedings in the trial court but rather to import into the record matter never presented to the trial court. This we cannot do. *Sengebush* v. *Edgerton,* 120 Conn. 367, 372; Maltbie, Conn. App. Proc. § 283. The trial court committed no error in denying the motion.

There is no error.

In this opinion KINMONTH and WISE, Js., concurred.