JAMES B. MORAN vs. THE HOLMES MANUFACTURING COMPANY.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

It is useless for litigants to ask this court to pass upon the weight of the evidence for the purpose of correcting a finding; and equally unavailing although the attempt be disguised by presenting the claim for correction in proper form.

The determination of the trial court on conflicting evidence, or on the weight or effect of evidence, will not be disturbed.

Representations by the president of a corporation as to its prospects, are obviously expressions of opinion, and are not actionable un-

less made with intent to deceive and without an honest belief, reasonably entertained, of their truth.

In the present case the trial court found that the representations were, upon reasonable ground, believed to be true by those who made them. *Held* that such representations were not actionable.

A judgment of nonsuit was entered with respect to two of the defendants. *Held,* upon a review of the evidence, that the trial court acted properly in denying the plaintiff's motion to set aside this judgment.

Assignments of error should be specific, so that it may clearly appear whether the alleged error consisted in finding a certain fact, in overruling a claim of law, or in drawing a conclusion from subordinate facts; otherwise great confusion will result.

The assignments of error in the present case reviewed and *held* not to be well founded in so far as they presented any alleged error of law upon the finding as made; and in so far as they depended upon requested changes in the finding, were of no avail, because the alleged grounds for such alterations were not permissible.

Argued April 10th—decided June 15th, 1923.

ACTION to recover damages for alleged fraudulent representations, brought to and tried by the Superior Court in New Haven County, *Hinman, J.;* judgment of nonsuit rendered with respect to two of the defendants, and in favor of the other two, from which the plaintiff appealed. *No error.*

*Prentice W. Chase,* with whom, on the brief, was *Albert McC. Mathewson,* for the appellant (plaintiff).

*William H. Comley,* with whom was *Frank Kenna,* for the appellees (defendants).

CURTIS, J. If the finding is not materially corrected, it could not seriously be claimed that judgment was not properly rendered for the defendant manufacturing company and Leslie W. Holmes. The plaintiff filed in the trial court exceptions to the finding of certain paragraphs of the finding, and to the court's refusal to find certain paragraphs of the plaintiff's draft-finding, and assigns as error in his appeal that the

court erred in finding paragraphs fourteen, fifteen, sixteen, twenty-one, twenty-four, twenty-six, twenty-seven, twenty-eight, thirty-one, thirty-two, thirty-three, thirty-four, and in refusing to find paragraphs nine, seventeen, eighteen, nineteen and twenty of his draft-finding. The plaintiff in the eighteenth, nineteenth and twenty-first assignments of error, in effect, asks that paragraph thirty-three of the finding be stricken out.

The plaintiff has caused a certified copy of the entire evidence and rulings in the case to be printed as a part of the record on the appeal. He is pursuing the method of correcting the finding provided in General Statutes, § 5832. It may be said at the outset, that although the method of securing the correction of a finding differs when seeking corrections under § 5832, from the method when seeking corrections under § 5829, § 5830, § 5831, yet the permissible grounds upon which a finding may be corrected are the same.

These permissible grounds were recently stated by us in *Hine* v. *McNerney*, 97 Conn. 308, 311, 116 Atl. 610, in the following terms: "It has been distinctly and repeatedly declared that this court . . . will not correct a finding of facts unless the record discloses that it includes matters found to be facts without evidence, or fails to include material facts which were admitted or undisputed. The determination of the trial court on conflicting evidence, or on the weight or effect of evidence, will not be disturbed." See Practice Book (1922) p. 309.

Therefore error as to the finding of the paragraphs in question could only arise if a paragraph was found without evidence, and as to the refusal to find paragraphs of the draft-finding, in so far as not included in the original finding or in the corrections later made by the court, error could only be found by a refusal

to include any facts therein set forth, if they were undisputed or admitted facts.

But the brief, the argument of the plaintiff, and the evidence, disclose that there was evidence in support of all the facts found and that the plaintiff's real complaint is that these facts were found against the weight of the evidence. Furthermore, the plaintiff's brief and the evidence disclose that the plaintiff's complaint as to the facts in his draft-finding which the court did not find, is that they were supported by the weight of the evidence and not that they were admitted or undisputed facts. As stated above, we cannot correct a finding unless it "includes matters found to be facts without evidence, or fails to include material facts which were admitted or undisputed."

These assignments of error cannot be sustained for the reasons above stated.

The first and second assignments of error are not pursued. The third assignment of error relates to the admission of certain testimony of the defendant Leslie W. Holmes. The finding discloses that Mr. Holmes was called as a witness in his own behalf and was inquired of in regard to the prospectuses which the defendant company issued when it increased its capital stock and sought to sell stock. Leslie W. Holmes was the president of the company, and the management of the company was in his hands, and he issued the prospectuses and signed them as president. The prospectuses had stated that the defendant company had sole license to manufacture at an assured profit the well-known Cameron Air-cooled Motor. He was inquired of on the direct examination as follows: "(Q.) Mr. Holmes, when you issued these prospectuses and discussed your project with Mr. Moran, did you believe that the enterprise of manufacturing these Cameron air-cooled motors would prove a profitable one?"

To this question the plaintiff objected as immaterial, on the ground that if he stated in effect in the prospectuses that the company would make a profit from such manufacture, he was bound by the result, and his belief was immaterial. The court overruled the objection and admitted the question and the plaintiff excepted. It is obvious that such a statement is the expression of an opinion as to the future prospects of the corporation. Such a representation is not actionable unless it was made with intent to deceive when in fact not honestly believed by the representor. The question put to Holmes, the representor, was relevant as tending to show that he honestly believed the representation as to future prospects to be true. Bower on Actionable Misrepresentation, p. 2, § 3, p. 49, § 33. There was no error in this ruling.

The fourth to seventeenth assignments of error are each stated in a form of words beginning, "The court erred in holding." It appears, therefore, that the claimed error may relate to an error in finding a fact, or an error in overruling a claim of law, or an error of law in drawing a conclusion from subordinate facts. *Nolan v. New York, N. H. & H. R. Co.*, 70 Conn. 159, 39 Atl. 115.

The confusion caused by such a statement of claimed error is increased by the fact that the finding does not contain a statement of any claims of law made by the plaintiff, which the court overruled, nor does an examination of the plaintiff's request for a finding lend assistance of value in clearing up the confusion.

In so far as these assignments of error are to be deemed requests to correct the finding by striking out certain facts or by adding certain facts to the finding, an examination of the evidence discloses that none of the facts alleged which do not appear in the finding were admitted or undisputed facts, but it clearly ap-

pears that the claim of the plaintiff is that certain facts were found against the weight of the evidence, or not found when supported by the weight of the evidence. These are not permissible grounds for the correction of a finding.

In so far as these assignments of error contain claimed erroneous rulings of law, such ruling is usually stated in connection with alleged facts set forth in the paragraph stating the alleged ruling, which were not found by the court, and which cannot be added to the finding by us under any permissible ground for the correction of a finding.

In so far as the assignments of error are intended to claim that certain facts, referred to in them, which are also in the finding, are conclusions or inferences from subordinate facts of subordinate conditions essential to legal liability, and that they were erroneously made because not legally or logically supported by the subordinate facts in the finding, and which therefore present an error of law, we find that any such fact appearing in these assignments was legally and logically supported by the subordinate facts found, and therefore no error of law is shown. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 185, 39 Atl. 115.

These assignments of error are therefore not well taken.

The finding of the trial court and its memorandum of decision, which is made a part of the finding, show that the court found that the representations of matters of fact made by the defendants or any of them, were when made substantially true, and that the representations made as to the business prospects of the corporation which were not realized, were on reasonable grounds believed to be true by those who made them. So long as the finding stands unchanged, it is apparent

that only the representations as to business prospects which were not realized are open to the suggestion, even in argument, that as a matter of law they are actionable. The plaintiff's main claim seems to be that although it is found that the defendants believed, on reasonable grounds, that their representations as to the business prospects of the corporation were true, yet as in fact those business prospects as represented were not realized, the defendants are responsible for damages resulting to the plaintiff from the failure of the company to realize them.

Representations as to the future prospects of a corporation are statements of opinion, and the mere fact that the corporation failed to realize the future prospects as represented, does not constitute a cause of action. If, however, the representor, with intent to deceive, made representations as to future prospects which he did not in good faith entertain, and the purchaser of stock relied upon the opinion of the representor and was induced thereby to purchase stock, a cause of action arises for the misrepresentation. Bower on Actionable Misrepresentation, *supra*. The court having found that the representors as to the future prospects of the corporation believed the representations to be true on reasonable grounds, such representations are not actionable. Bower on Actionable Misrepresentation, *supra*.

The remaining assignment of error is the refusal of the court, upon motion, to set aside the judgment of nonsuit entered in favor of the defendants Charlotte E. Holmes and William Holmes. An examination of the evidence produced by the plaintiff when he rested his case, does not disclose that the plaintiff had any direct communication with these defendants before he purchased his stock in the defendant company. It further appears from such evidence, that there was

then no evidence that any statement contained in the prospectuses which these defendants issued were not substantially correct. A prospectus which the plaintiff testified that he read, stated that "The Parenti Motors Corporation of Buffalo alone has placed a contract calling for a delivery of 5,000 transmissions [air-cooled motors] during the coming year," whereas in fact the Cameron Motors Corporation had ordered five thousand motors for delivery to the Parenti Motors Corporation. The statement in the prospectus was substantially correct and, furthermore, there was no evidence tending to show that such erroneous statement was made with fraudulent intent, or that the plaintiff was in any way induced by the erroneous statement to purchase the stock in question. The motion to set aside the judgment of nonsuit was properly denied.

There is no error.

In this opinion the other judges concurred.