Max C. Dressel vs. Frank D. Gregory.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 14th—decided December 15th, 1931.

*Robert J. Woodruff,* with whom, on the brief, was *Louis Shafer,* for the appellant (defendant).

*Arthur Klein,* for the appellee (plaintiff).

PER CURIAM. The plaintiff recovered a judgment against the defendant for damages due to a fraudulent misrepresentation as to the year of manufacture of an automobile purchased of the latter. The defendant's principal contention upon the appeal is that the real purchaser of the car was the wife of the plaintiff for whom he was acting as agent in the transaction. The automobile was bought under a conditional bill of sale and a separate memorandum of the sale was made at the time. Both these documents were signed by the plaintiff but not by his wife. Notes were given for the unpaid part of the purchase price and these also were signed by the plaintiff alone and were later paid with

money furnished by him. No cash was paid at the time of the sale but an automobile was delivered to the defendant at an agreed price to be applied toward the purchase of the car in question. The automobile purchased was registered in the wife's name, its registration being transferred from another automobile she had owned. Thereafter this car was insured in the name of the wife and taxed as her property. The trial court has found upon sufficient evidence that the defendant looked to and dealt with the plaintiff personally and relied upon his credit and responsibility throughout the entire transaction. Upon these facts we cannot hold unreasonable or improper the conclusion of the trial court that the plaintiff was the actual purchaser of the car in his own right.

Four paragraphs of the finding seek to present rulings on evidence. The ruling stated in the first paragraph was too plainly right to justify discussion. The second presents this situation: A witness, a dealer in used automobiles, was allowed to state, upon the basis of a manual generally accepted in the trade as accurate, the dates between which cars of the model in question were manufactured. Whether this ruling was erroneous or not we have no need to decide, for it could not have been harmful, because the testimony of the defendant himself later fixed the receipt of the car by him from the manufacturer within the dates stated by the witness. Each of the other two paragraphs contains, contrary to our rules, numerous rulings upon evidence. If we overlook this and assume the vital point to be the testimony of this witness as to value of a car of the model in question at the time it was sold, it sufficiently appears that, while the witness did use in arriving at his opinion the statements of value in the manual in question, he based that opinion not only upon those statements but also upon his own experi-

ence as an automobile dealer, which was sufficient to enable him to coördinate and evaluate the information in the manual and to make his evidence of probative value. *Vigliotti* v. *Campano,* 104 Conn. 464, 466, 133 Atl. 579; *Ford* v. *Dubiskie & Co., Inc.,* 105 Conn. 572, 579,. 136 Atl. 560. While it is apparently true that he had never seen the car in question, this was not sufficient ground to exclude his testimony, in view of the fact that the car had never been used, but had been in the defendant's possession ever since he had received it from the factory.

There is no error.