## LOUIS CHAPOT

vs.

## EUGENE EPIFANI, ET AL.

Superior Court  Fairfield County  File #39374

Present: Hon. JOHN A. CORNELL, Judge.

Wilson & Hanna,   Attorneys for the Plaintiff.

Ullman & Herman,   Attorneys for the Defendant

### MEMORANDUM FILED JANUARY 21, 1935.

CORNELL, J. In the first count of the complaint, it is alleged, in brief, that the plaintiff parted possession with the sum of $2,000., induced by certain representations allegedly made to him by defendant, which were false and made with the intent to deceive him and upon which he relied, to his damage.

These representations, in effect, were: (a) that defendant was the owner of a valuable contract between himself and The Atlantic Automobile Club, Inc., (hereinafter referred to as the "Club") which conferred upon him the privilege of selling certain motor vehicle service and insurance contracts; (b) that the sum in question would be used in selling said memberships and insurance in Connecticut and the plaintiff and defendant would derive equal benefits from the business to which the defendant would devote his entire time.

All this, it is believed, is a fair summary of paragraphs 1-4 inclusive.

The particular fraud on defendant's part which induced plaintiff to part with the money, appears therein and is limited in substance to representations of the purport noted.

The burden of proving the falsity of them is plaintiff's.

As to the representations of the existence of a contract between defendant and the Club, it is not alleged that this was asserted to be in writing.

In view of the subsequent conduct of all of the parties, it is impossible to say that there was not some understanding of a contractual nature between the defendant and the Club before plaintiff paid defendant the sum of $2,000. with reference to which and out of regard to which, the Club, plaintiff and defendant acted in entering into the written agreements which each later signed.

It is found that plaintiff has failed to satisfy the burden of proof in this respect.

However, the point becomes of comparatively little prac-

tical importance in view of what is alleged to have afterward transpired and in the light of what actually did take place.

It appears according to plaintiff's own testimony that the money was paid over to defendant on April 23, 1932, and that on April 25, 1932, the written contract between him and defendant was prepared. On the latter day, at least, the plaintiff knew that there had been no previous written contract between the defendant and the Club.

If he had felt that fact was material he had the opportunity to at once call the transaction to a halt, rescind his engagement with defendant and sue to recover the sum which he had paid him, or to affirm the contract and sue for his damages.

He elected to proceed, however, and must be considered to have waived any claimed fraud in that respect.

Whatever qualities of inducement, defendant's statement that he had a contract with the Club may have had, they became inoperative when plaintiff voluntarily entered into a contract himself with defendant after he knew, or was chargeable with knowledge of the existence of a newly drawn contract.

As to claimed representation that such contract was a valuable one, there is no evidence that the defendant said it was intrinsically so, or that it acquired its value from the fact that there was a market for it or for an interest in it so that it could be sold by one person to another. By its terms, it was not assignable without the Club's permission.

The value, if it had any, lay in the right that it conferred to sell the motor vehicle service and incident insurance contract and the profits that might be thereby realized.

Considered in this light, any statement of description of value, partook more of a representation of future prospects than anything else. For such made in good faith an action in fraud is not maintainable. **Moran vs. Holmes Mfg. Co., 99 Conn. 180, 186.**

The burden of proving the defendant did not in good faith entertain such ideas of the value of such contract as he had with the Club was plaintiff's. He has not sustained it.

As to (b), except for the allegation that plaintiff and defendant would derive equal benefits from the business operated under this agreement, these are statements of a then present intention.

As such, they cannot lay the basis for fraud unless it also

appears that at the time they were made, there was no intention to carry them out. **Barnes vs. Starr, Ex. et al** 64 Conn. 136, 156; **McLaughlin vs. Thomas,** 86 Conn. 252, 257.

In view of the later conduct of the parties as well as all the other surrounding circumstances, it cannot be said that the plaintiff has sustained the burden resting upon him in respect of the allegations in question.

The allegations of paragraph 5 to 7 inclusive of the first count present also the question of whether in making the representations alleged, the defendant at the time he made them, had the intention of not fulfilling the promise involved.

Without going into an extended analysis of the evidence in this respect, the concluson is reached that there is not sufficient evidence upon which to base a finding that the truth of the existence of a then present intention not to carry them out, is established.

The conclusion reached with respect to the allegations of the first count require that the issues framed by the allegations of the second count be also found for the defendant.

It might be said that the evidence as a whole indicates that the defendant and his brother, the latter of whom evidently dominated the affairs of the Club, were apparently— and the defendant, here, particularly—intent upon making an income for themselves by selling the contracts in question, but were without the capital to do so, or if they possessed it were unwilling to risk it in the venture.

That there was a desire to obtain someone to furnish the capital seems a necessary conclusion. The plaintiff, here, fulfilled the requirement.

In this alone there was no fraud.

The circumstances which ultimately had a great deal to do with wrecking the enterprise in so far as the ability to pursue it in this state, at least, is concerned, lay in the fact that it conflicted with the law here.

The facts, however, that it proved to be ill-advised or that plaintiff's participation in it was ill-started do not in themselves prove fraud.

Whether, however, the plaintiff has a right of action for an accounting as respects any unexpended balance of the capital contributed by him, as well as an attachment on the properties transferred by defendant, in connection with such an action, quaere?

Judgment may enter for defendants on both counts.