Plaintiff has brought this action to recover the sum of $2000 alleged to have been paid over by him to one of the defendants as a deposit on the purchase price of property located in North Haven. As drawn, the complaint is in two counts. The gist of the first count is that no written agreement was entered into between the plaintiff as buyer and the defendants as owners and that the plaintiff is entitled to the return of the deposit, which has been refused upon demand. The gist of the second count is that the defendant (Mrs. Keenan) to whom the deposit had been paid represented that the cellar and foundation walls of the house were waterproof and watertight; that such representations were false and were made to induce the plaintiff to agree to buy the property; and in reliance thereon the plaintiff paid down the deposit in question.
For answer the defendants admit that the plaintiff paid a deposit of $2000 on the purchase price of the property but deny that there was "no written agreement" between the parties, as well as the entire subject of the second count. So also, the defendants have filed a counterclaim. The basis of this pleading is that the parties entered into a written agreement for *Page 164 
purchase and sale of the property, that the plaintiff paid down the deposit in question on the agreed price of $22,000, that the plaintiff refused to consummate the transaction, and that the defendants thereafter sold the property at a loss of $2000, for which they seek recovery.
The following facts are either undisputed or abundantly supported by the evidence.
In August, 1949, the defendants had for sale property located on Broad Street Terrace in North Haven consisting of a newly built house on a parcel of land. The asking price was $22,000. On August 21 the plaintiff looked at the property and was taken through the house by the defendant Keenan. He agreed to buy at the price asked and paid down a deposit of $500. On the following day, August 22, the plaintiff paid down an additional deposit of $1500. The defendant Keenan on the latter day gave the plaintiff a written receipt (exhibit A) signed by her. This receipt bears the date of August 22, 1949, acknowledges $2000 paid on deposit by the plaintiff, specifies the sale price as $22,000, refers to the property as "the southermost house on west side of Broad Street Terrace, North Haven, Conn.," and concludes with "Occupancy about October 1st, 1949."
At the time the defendant Keenan showed the plaintiff through the house, she stated to him, in answer to a question asked by him, that the cellar was a "dry cellar." The requirement of a dry cellar was important to the plaintiff. It was his disclosed intention to establish a playroom and workshop in the cellar. A damp cellar would not meet his needs. A few days after August 22, following a rainstorm, the plaintiff visited the premises. He found that the cellar was anything but a dry cellar. The rain had seeped through its walls. To remedy the condition and make the cellar a dry cellar would require water-proofing of its walls at a cost of $1000. The plaintiff asked the defendant Keenan to divide this cost. His request was refused. So it was that the transaction to complete conveyance of title collapsed. While the defendant Keenan accepted the return of the keys held by the plaintiff, both defendants refused to refund his deposit of $2000.
Whether or not exhibit A is a sufficiently adequate memorandum to satisfy the Statute of Frauds poses a close question. See cases collected by the trial court in Gerardo v. Page,13 Conn. Sup. 78, and Utley v. Nolan, 134 Conn. 376, citing *Page 165 
additional cases. Parenthetically, it is observed that payment of part or all of the purchase price does not constitute part performance of an agreement which is otherwise within the statute.Santoro v. Mack, 108 Conn. 683, 691; 101 A. L. R. 1079.
In the view taken by the court, it makes no difference in the result as a whole whether exhibit A is or is not a sufficiently adequate memorandum to satisfy the Statute of Frauds. Actually, the complaint need not have been split into two counts. The first count in any event does not contain sufficient allegations of a subordinate nature. It is the second count upon which the plaintiff's right, if any, to a refund of deposit is to be tested on the evidence submitted.
"A fraudulent representation in law is one that is either knowingly untrue, or made without belief in its truth, or recklessly made and for the purpose of inducing action upon it." Sallies v. Johnson, 85 Conn. 77, 82. "Representations to be actionable as fraudulent must be statements of fact which are known to be untrue or made without belief in their truth or recklessly; they must be made for the purpose of inducing the other party to act on them; and he must in fact have been induced to act upon them to his injury." Lowe v. Kohn,128 Conn. 45, 50. "... if fraud be proved, the motive of the person guilty of it is immaterial. It matters not that there was no intention to cheat or injure the person to whom the statement was made." Dwyer v. Redmond, 103 Conn. 237, 245, quoting from Lord Herschell in Derry v. Peek, 14 App. Cas. 337, 374; see generally, 23 Am. Jur. 775 et seq.
Without laboring the point beyond the needs of the case, the court concludes that under the second count of his complaint the plaintiff has demonstrated his right to recover the deposit of $2000, and that this is so irrespective of the character of exhibit A. The cellar was not a dry cellar as represented. That the cellar be a dry cellar was an inducing factor in the plaintiff paying down the deposit. The representation was at least recklessly made by the defendant Keenan for the purpose of inducing action on the part of the plaintiff. The plaintiff relied upon the representation and paid down the deposit. At the time of the representation there was nothing to indicate particularly to the plaintiff that the cellar was other than a dry cellar. It took a rainstorm to show the fact to be otherwise. While the defendant Keenan admits that she stated that the cellar was a dry cellar, there is sufficient evidence to warrant an express finding (not heretofore recited in the *Page 166 
statement of facts) that she further represented that the cellar and foundation walls were waterproof and watertight. These representations were not in accord with the fact. Refer to testimony of the witness Fabian.
In view of the foregoing, it necessarily follows that the defendant's cause of action alleged in their counterclaim fails. While issues are found for the defendants on the first count of the plaintiff's complaint because of insufficient allegations therein, they are required to be found for the plaintiff on the second count of his complaint and on the defendant's counterclaim. "One who has been induced by false representations to pay out money may recover at least the amount so paid, with interest." 24 Am. Jur. 67, § 237.
All that remains is the computation of interest on the plaintiff's deposit of $2000. By letter dated September 8, 1949, (exhibit B), the return of the deposit was demanded by the plaintiff's attorney on September 12, 1949. Interest at the rate of 6 per cent per annum (Rev. 1949, § 6778) is awarded thereon from September 12, 1949, to date hereof. It is computed to be approximately $170.
 Judgment may enter with the issues found as above stated, awarding the plaintiff damages in the total amount of $2170. Costs to the plaintiff as a further incident of the judgment.