On May 11, 1955, the parties hereto entered into a written agreement wherein the defendant agreed to sell to the plaintiff for the sum of $18,900 the real estate located in Farmington as described in the complaint. Title was transferred to the plaintiff on June 8, 1955. By subsequent agreement the defendant remained in possession until mid-July, and on August 10, 1955, the plaintiff and his family took possession. In this action the plaintiff is seeking to recover damages of the defendant for alleged false and fraudulent representations on the *Page 73 
part of the defendant. It is his claim that such induced him to purchase the property to his financial detriment.
As drawn, the complaint alleges that the defendant made four false and fraudulent representations to the plaintiff as inducements to consummate the transaction. At the trial the plaintiff's offers of proof were confined to only two, namely, the artesian well aspect and plural septic tanks. "It is elementary that a plaintiff need not prove all of the fraudulent representations he alleges, but may recover if he proves any which in fact served as an inducing cause." Commonwealth Fuel Co. v. McNeil, 103 Conn. 390,402.
As stated in Helming v. Kashak, 122 Conn. 641,642 (being one of many cases to be found in the Connecticut Reports), the elements essential to sustain an action of this nature are five in number: "(1) a representation made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made for the purpose of inducing the other party to act upon it; (4) that the latter was in fact induced to act thereon; and (5) that he did so act to his injury." The second element can be evidenced by an untrue statement of fact made "recklessly." Lowe v. Kohn,128 Conn. 45, 50. See, generally, Wittstein v. Keenan,17 Conn. Sup. 163, a case in which the plaintiff sought and was permitted to recover a deposit paid on the purchase price of real estate upon proof of fraudulent representations brought to light before the transaction was to be completed.
In determining whether or not the plaintiff has sufficiently sustained the requisite burden of proof in support of his position in regard to the essentials of his case as applied to the artesian well aspect and plural septic tanks, the court has applied the standard rule of measure laid down in Darrow v. Fleischner, *Page 74 117 Conn. 518, 520. Stated in direct terms, it is that "proof which produces `a reasonable belief of the probability of the existence of the material facts.'" Beckwith v. Stratford, 129 Conn. 506, 507.
It is expressly found that the defendant represented to the plaintiff that the house was connected with an artesian well with a depth of 110 feet when in fact the well was only a dug well with a depth of 20 feet and totally inadequate to furnish the volume of water required for domestic purposes of the plaintiff's household; and in like manner it is further found that the defendant represented to the plaintiff that the house had the services of two septic tanks when in fact there was but one of such tanks. The plaintiff's position is augmented by the testimony of the broker, the defendant's agent in the transaction. His notes entered on a card, stated by him to have been made by listing entries furnished by the defendant, tend to support the plaintiff's assertions on these aspects.
The conclusion reached is that the plaintiff is entitled to recover of the defendant provable damages. This is because the essential elements are found to have been established by the plaintiff. That the plaintiff may have had an opportunity to verify the correctness of the defendant's two unfounded representations does not militate against his position. SeeO'Neill v. Conway, 88 Conn. 651, 654. Their falsity was not obvious.
The remaining question relates to the measure of damages to be applied. "The rule in this State in cases of this kind is that the damages are measured by the difference between the actual value of the property received and its value had it been as represented, with any consequential damages resulting directly from the fraud." Morrell v. Wiley, 119 Conn. 578,583. This rule represents the weight of authority *Page 75 
in the United States. Ibid.; 37 C.J.S. 477; McCormick, Damages, p. 450; Prosser, Torts (2d Ed.) p. 568.
The expert witness offered by the plaintiff places the measure of damages at $1900 under the rule stated. There is evidence that the correction of the subject of the false representations has cost the plaintiff $1527. "The trial court is the final judge of credibility and may disbelieve a witness as to part of his testimony and accept it in other respects. . . . Likewise, the opinion of an expert is not binding on the court." Clark v. Haggard, 141 Conn. 668, 674.
It is deemed that the sum of $1600 constitutes a just and adequate award to the plaintiff as recoverable damages. This figure represents an amount less than the damages stated by the plaintiff's expert but equivalent to the plaintiff's expenditures with an allowance for approximate interest thereon to date.
 Judgment may enter for the plaintiff to recover of the defendant $1600 with taxable costs as an incident of the judgment.