ROBERT L. BARTON, JR. *v.* AMERICAN DODGE, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-621-6727

Argued November 30, 1962—decided March 22, 1963

*Robert E. Cohn,* of Hartford, for the appellant (defendant).

*Elihu H. Berman,* of Hartford, for the appellee (plaintiff).

JACOBS, J. This action is brought to recover damages because of the representations made to the plaintiff by the defendant in connection with the sale of an automobile, upon the ground that they were false and fraudulent.

Much of the contention of the defendant before us consists in an attempt to secure corrections in the finding of the trial court. The defendant also assigns error in rulings on evidence. Upon a care-

ful review of the evidence certified, in connection with the defendant's claims to have the finding corrected, we find that the corrections sought would not affect the conclusions reached. We will have occasion to refer specifically to two or three corrections asked for by the defendant. Aside from such reference, the assignments relating to the finding do not seem to require further consideration.

The finding, so far as it is not attacked, sets forth these facts: The plaintiff was a young man with little business experience. He was desirous of purchasing a new car because he was "tired of paying bills on used cars." On or about December 5, 1961, he made this fact known to Martin Beaver, alias McBride, an agent and salesman of the defendant. The defendant had in its place of business in West Hartford three 1961 Dodge Lancers, each differing only in color, and Beaver showed them to the plaintiff. The plaintiff selected the white one. All three cars were in fact demonstrators which had been used by the defendant in the course of its business. This fact was not disclosed to the plaintiff. The car which the plaintiff selected had been driven some 3500 miles. This fact was also not disclosed to the plaintiff. Arrangements were made for the sale of the white 1961 Dodge Lancer for $2422.78, with an allowance of $200.05 being given the plaintiff on his 1955 Plymouth Savoy. The plaintiff executed a printed form or retail instalment contract which contained the words "new demo." The price which the plaintiff actually paid was the factory recommended price on such a car a year prior to the date of the sale, without the 3500 miles on the mileage meter. After the necessary papers were signed and the plaintiff was leaving with the car, Beaver remarked: "Oh, by the way, you don't have to worry about breaking in this car. It already has 3500 miles on it." The plaintiff immedi-

ately protested. He reminded Beaver he wanted a new car. Beaver replied it was too late to do anything about it because the plaintiff's "trade-in" had already been resold. Beaver knew that the plaintiff wanted a new car as that term is commonly understood by the buying public. He represented the car as a new one. These representations were relied on by the plaintiff. As a matter of fact, Beaver knew, though he did not disclose it to the plaintiff, that the 1962 models were available and on sale to the public.

The trial court found that the representations made by Beaver were in fact false and fraudulent and that the plaintiff, in reliance upon them, was induced to purchase the car. The court found that the reasonable retail value of the car was $1650. Judgment was rendered for the plaintiff to recover the sum of $700.

The defendant challenged the qualifications of Nathan B. Sweedler, an auctioneer, as an expert on the value of automobiles. "The testimony of an expert upon the question of value, however great his experience, is always a matter of opinion, never a matter of fact." Rogers, Expert Testimony (3d Ed.) p. 783. Sweedler's opinion, contrary to the defendant's contention, was not based solely on the used-car manual of the National Automobile Dealers' Association. It sufficiently appears from the evidence that while Sweedler did use in arriving at his opinion the statements of value in the manual in question, he based that opinion not only upon those statements but also upon his own broad and extensive experience in selling automobiles. This "was sufficient to enable him to coordinate and evaluate the information in the manual and to make his evidence of probative value." *Dressel* v. *Gregory,* 114 Conn. 718, 720. Furthermore, "the qualification of an expert is in the discretion of the

trial court. . . . The underlying principle is that if any reasonable qualifications can be established, the objection goes to the weight rather than to the admissibility of the evidence. Where it clearly appears that an expert witness is qualified to give an opinion, the exclusion of his testimony may be found to be erroneous." *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224. "While it may be error to exclude the opinion of an expert, it is difficult to claim error in its admission because of the wide discretion allowed the trial court in ruling on this question." *Rogoff* v. *Southern New England Contractors Supply Co.*, 129 Conn. 687, 691; see 2 Wigmore, Evidence (3d Ed.) § 561. The court was fully justified in admitting into evidence the testimony of Sweedler.

In the assignments of error addressed to the court's refusal to correct the finding, it is claimed that the case is controlled by the provisions of § 14-1 (47) of the General Statutes, which defines a used or secondhand motor vehicle as one which has been previously registered by an ultimate consumer, and that, since this car had not been previously registered, it follows that it must necessarily be a new motor vehicle, which, again under the statute, is a motor vehicle the legal or equitable title to which has never been transferred by a manufacturer, distributor or dealer to an ultimate consumer. Hence, argues the defendant, "there is a material difference in the status and value of a car which has been previously registered and one which has not been registered." The argument is ingenious but not convincing. That the statutory definition of a used or secondhand car is not as restrictive as claimed may be seen from the prefatory note to § 14-1, which indicates that these definitions are to be interpreted as having a measure of flexibility. We repeat that the circumstances of this case must

be taken into account. The car had an operational history which was known to the defendant. Beaver was dealing with a young man with little business experience who made it clear that he wanted a new car as that term is generally understood. From the finding as made by the trial court, there can be no doubt that the trier of facts was justified in concluding that the automobile sold to the plaintiff was not a new one, and certainly the number of miles it had been driven was material to the question of newness.

The defendant also claims that the plaintiff failed to meet the burden of proving his damages. "The rule in this State in cases of this kind is that the damages are measured by the difference between the actual value of the property received and its value had it been as represented, with any consequential damages resulting directly from the fraud." *Morrell* v. *Wiley,* 119 Conn. 578, 583; *Keir* v. *Tanguay,* 20 Conn. Sup. 72, 74; McCormick, Damages (1935 Ed.) p. 450; 2 Sedgwick, Damages (9th Ed.) § 439. The expert offered by the plaintiff fixed the value of the automobile with the guarantee at between $1600 and $1650. The court found that $700 constituted a just and adequate award to the plaintiff as recoverable damages. The plaintiff has proved his damages with reasonable certainty. See *Braithwaite* v. *Lee,* 125 Conn. 10, 14.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.