[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has objected to the court's acceptance of the findings of fact filed after a hearing conducted pursuant to General Statutes § 52-549n.[1] First, he claims the court had no jurisdiction to refer the matter to the fact finder in the first place because it is not a "contract action". CT Page 4686
The complaint consists of four counts. The first is for a breach of warranty allegedly made by the defendant when he sold a truck to the plaintiff. The others are for intentional and negligent misrepresentation and for violation of CUTPA. The determinative case on the first ground of objection is Beizer v.Goepfert, 28 Conn. App. 693 (1993), and applying its principles to this case compels the conclusion that this is, indeed, a "contract action" and was properly referred to the fact finder.
All of the plaintiff's claims are based on the contract/agreement between himself and the defendant to sell the plaintiff a 13-year old Chevy Blazer, which contract or promise the plaintiff clearly alleges in his complaint. In counts 1-3 the plaintiff is seeking damages for not getting the benefit of his bargain to obtain a functioning vehicle. These damages "secure the receipt of the thing bargained for." Beizer v. Goepfert, supra, 28 Conn. App. 700. Moreover, a claim for breach of an express warranty is generally a cause of action in contract and not in tort. See Hermanson v. Hermanson, 19 Conn. Sup. 479, 482,117 A.2d 840 (1954). See also, Lowe v. Kohn, 128 Conn. 45, 52,20 A.2d 407 (1941) (stating that assurances given to a plaintiff by a defendant "to have the effect of a warranty must have been as an incident to a contract between them or as an independent agreement . . ."); Hamon v. Digliani, 148 Conn. 710, 712 (1961) ("in order to sustain an action for breach of express or implied warranty there has to be evidence of a contract between the parties, for without a contract there [can] be no warranty"). If an examination of the pleadings demonstrates that the entire action sounds in contract, as this one does, the fact that tort claims are mixed in with the contract claims will not preclude its referral to a fact finder. Beizer v. Goepfert, supra,28 Conn. App. 699.
Next, the plaintiff objects that "the conclusions of fact stated in [the finding of facts] were not properly reached on the basis of the subordinate facts found". P.B. § 23-57. First, he complains of certain omissions of facts which he claims are "vital to the plaintiff's cause of action". Plaintiff's Objection, Sept. 20, 1999, p. 3. But the fact finder is not required to include in his findings all of the claims of the parties, as long as "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom". Shawv. L.A. Socci, Inc., 24 Conn. App. 223, 229 (1991).
The two substantive objections of the plaintiff have to do with CT Page 4687 the findings regarding inspection of the vehicle by the Department of Motor Vehicles (DMV) prior to the sale (Finding £ 5) and the existence of warranties in the sale of the vehicle (Finding £ 6).
Finding £ 5, insofar as it relates to the vehicle's inspection by DMV, is amply supported by the testimony of the defendant at the hearing. While the plaintiff objects now to the defendant's lack of qualification to describe the purpose and conduct of salvage inspections by DMV, he did not do so at the hearing.[2]
And, the defendant testified without objection that he knew about salvage inspections because he had been a used car dealer for several years.
The fact finder found that, "(i)n their negotiations for purchase and sale of said vehicle, the parties did not discuss or agree to any oral or written warranties". A warranty is generally defined as "(a)n express or implied promise that something in furtherance of the contract is guaranteed by one of the contracting parties; esp(ecially), a seller's promise that the thing being sold is as represented or promised". Black's Law Dictionary, 7th Edition, p. 1581. In Connecticut a warranty has been defined as "a positive representation of fact which induces a bargain." (Internal citations omitted.) Albrecht v. Rubinstein,135 Conn. 243, 246 (1948). Whether or not the defendant made all of the representations claimed by the plaintiff, he admitted that he told the plaintiff that "the vehicle was in excellent shape" and "that (he) would make the truck in good shape for the road". Transcript. p. 61. These statements fit the definition of a warranty. And, it is clear from Finding £ 4, reciting all of the mechanical problems the plaintiff had with the vehicle "shortly after said purchase", that it was in anything but "excellent shape".
Accordingly, Finding £ 6 is rejected by the court. The case is remanded to the original fact finder for additional findings relevant to count one of the plaintiff's complaint. That portion of Finding £ 5, which states that "said vehicle . . . was in proper shape for road use" is rejected as contradictory to Finding £ 4. Finding £ 8 is rejected because a CUTPA violation may be found for a breach of contract under certain limited circumstances. See, e.g., Lance v. Lyman, Superior Court, judicial district of New London at New London, Docket No. 549853 (July 21, 1999)("A claimant must show substantial aggravating circumstances attending to the breach to recover under CUTPA.") CT Page 4688
All of the other findings of fact are accepted, and judgment shall enter on counts two and three of the complaint in accordance with the finding of facts.
BY THE COURT