[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 113
Before the court is a motion to strike a complaint sounding in breach of contract and fraud, on the ground that the alleged agreement falls within the statute of frauds. The following facts are taken from the complaint. The plaintiff in this matter is Jerome Terracino, who alleges that he had a contract to purchase real property with the defendant, Joseph Platano, and that Platano and his co-defendant, United Property Holdings, LLC (United Property), fraudulently deprived Terracino of the property. The property in question is 110-112 Park Lane Road in New Milford, Connecticut. (First Count, ¶ 4.) Terracino was a co-guarantor on a note, secured by a mortgage on the property. (First Count, ¶ 4.) Robert Rossman was Terracino's co-guarantor. (First Count, ¶ 5.) Terracino and Rossman engaged Platano to represent them in purchasing the property and to provide them with the funds to purchase the property. (First Count, ¶ 6.) Platano was to purchase the property, and convey it to Terracino and Rossman in exchange for their payment of fees for Platano's services. (First Count, ¶ 6.)
Platano purchased the property on May 29, 1997, for $83,000. (First Count, ¶ 9.) Thereafter, on September 25, 1997, Platano sold the property to United Property for $83,000. (First Count, ¶ 10.) United Property is a limited liability corporation controlled by Andrew J. Buzzi, Jr. and Robert Rossman's wife, Catherine Rossman. (Second Count ¶ 19.) Platano did not inform Terracino either that he purchased the property, or that he conveyed it to United Property. (Second Count ¶ 12; Third Count, ¶ 4.) This lawsuit followed.
The complaint contains three counts. The first and second counts are directed at Platano. The first alleges breach of contract and the second alleges fraud. The third count alleges that United Property holds the property in a constructive trust on Terracino's behalf as a result of it and Platano's fraud.
United Property filed the present motion on April 16, 2001, seeking to strike the complaint on the ground that the alleged agreement between Terracino and Platano is unenforceable under the statute of frauds. United Property also filed a memorandum of law in support of the motion to strike on April 16. Terracino filed a memorandum objecting to the motion to strike on May 16, 2001, and United Property filed a reply to Terracino's objection on May 18, 2001.
"The purpose of a motion to strike is to contest . . . the legal CT Page 13391 sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). The court "must read the allegations of the complaint generously to sustain its viability, if possible. . . ." Erskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000). "[P]leadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001). "The defense of the statute of frauds may be raised by a motion to strike." (Internal quotation marks omitted.) Poulos v. Jones, Superior Court, judicial district of New Britain, Docket No. 503315 (February 9, 2001, Shapiro, J.); see alsoBreen v. Phelps, 186 Conn. 86, 92, 439 A.2d 1066 (1982).
United Property essentially argues that because Terracino fails to allege the existence of a writing between Terracino and Platano, Terracino may not maintain any of its causes of action against the defendants. General Statutes § 52-550 (a), the statute of frauds, reads, in relevant part: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . ." The statute of frauds may be raised by a motion to strike "when the alleged agreement falls squarely within those categories of agreements required by the statute to be in writing." (Internal quotation marks omitted.) New England MobileCommunications, Inc. v. Bell Atlantic Nynex Mobile, Inc., Superior Court, judicial district of Stamford-Norwalk, Docket No. 158981 (November 30, 1998, Karazin, J.). There is no dispute that the alleged agreement between Terracino, Robert Rossman and Platano is an agreement for the sale of real property that falls squarely within category (a)(4) of General Statutes § 52-550.
Terracino does not allege the existence of a writing memorializing the alleged agreement, instead, Terracino argues that the doctrine of part performance takes this action out of the statute of frauds. "In those cases where one party, in reliance upon the contract, has partly performed it to such an extent that a repudiation of the contract by the other party would amount to the perpetration of a fraud, equity looks upon the contract as removed from the operation of the statute of frauds and will enforce it by specific performance or give other relief as the case may be. . . . The acts of part performance must be of such a character that they can be reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in CT Page 13392 dispute. . . . The question is whether the facts provable within the framework of the complaint, giving its allegations a construction as favorable to the plaintiff as reasonable, would bring his case within these principles." (Citations omitted; internal quotation marks omitted.)Breen v. Phelps, supra, 186 Conn. 94. "[T]he acts of part performance generally must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must be done with the assent, express or implied, or the knowledge of the other party, and be such acts as alter the relations of the parties. . . ." (Citations omitted; internal quotation marks omitted.) Ubysz v. DiPietro, 185 Conn. 47, 54, 440 A.2d 830
(1981).
Terracino does not allege that he took any action in reliance on the alleged agreement. Terracino argues that his allegations are sufficient because Platano purchased the property in accordance with the alleged agreement between them. The court does not agree with Terracino's application of the doctrine of part performance. First, the general rule set forth in Ubysz, requires the plaintiff to allege partial performance on his own part, not on the part of the defendant. Ubysz v. DiPietro, supra, 185 Conn. 54. Terracino cites no exception to this general rule, and the court is not aware of any such exception that would apply in this case. Second, the bare allegation that Platano bought the property is not an act that could be accounted for in no other way than by the existence of a contract between Terracino and Platano. Breen v. Phelps, supra,186 Conn. 94. Accordingly, Terracino's breached contract claim is insufficient as he does not allege either the existence of a writing or part performance on his own part, either of which would take the alleged agreement out of the statute of frauds for the purpose of withstanding a motion to strike.
Nevertheless, even if the complaint is not well pleaded, this motion to strike the entire complaint must fail if any of Terracino's claims are legally sufficient. Ocasio-Malonada v. Hartford, Superior Court, judicial district of Hartford, Docket No. 567019 (April 24, 1997, Hennessy, J.) (19 Conn. L. Rptr. 476); Whelan v. Whelan, 41 Conn. Sup. 519, 520,588 A.2d 251 (1991). The court has concluded that the first count of Terracino's complaint alleges that Platano breached the alleged agreement. Whether Terracino's second and third counts, which allege fraud on the part of Platano and United Property respectively, fall within the purview of the statute of frauds is a more difficult question. The question presented is whether a plaintiff may recover tort remedies for fraud, when the statute of frauds denies the plaintiff a remedy under contract law.
Strict adherence to the language of § 52-55 (a)(4), which provides CT Page 13393 that no civil action may be maintained upon an agreement for the sale of property in the absence of a writing, would foreclose any remedy to Terracino, even if the defendants perpetrated a fraud. Terracino's fraud claims arise from the alleged agreement, and this is a civil action. It is a fundamental tenet of jurisprudence in Connecticut, however, that the statute of frauds cannot itself be allowed to serve as an engine of fraud. Breen v. Phelps, supra, 186 Conn. 95; Ubysz v. DiPietro, supra,185 Conn. 54; First Connecticut Small Business Investment Co. v. Arba,Inc., 170 Conn. 168, 174, 365 A.2d 100 (1976); Willow Construction Co.,L.P. v. Grencom Associates, 63 Conn. App. 832, 848, ___ A.2d ___ (2001). Typically, this principle manifests itself in the equitable doctrine of part performance, but, as we have seen in this case, the doctrine of part performance is not available to the plaintiff. That the equitable doctrine of part performance is not available in this case does not render the court powerless the court to redress Terracino's claims of fraud.
The court can find no case in the annals of Connecticut case law that squarely addresses the situation presented here; but several authorities illuminate the issue. First is Reed v. Copeland, 50 Conn. 472, 47 A. 663
(1883), in which the court stated that "[i]t is the accepted construction of [the statute of frauds] in courts of equity that, inasmuch as its design was to furnish protection against fraud, a party cannot take shelter behind its provisions, and thereby perpetrate a fraud on the other party, either actual or constructive." Id., 491. Another isWittstein v. Keenan, 17 Conn. Sup. 163 (1951), in which the court held that the statute of frauds was not a bar to an action to recover the plaintiff's deposit, where the defendant fraudulently misrepresented an unwritten, but material, element of their agreement. Id., 165. Indeed, the authors of Connecticut Law of Torts cite Wittstein for the following proposition: "Occasions may arise where the contract remedy will not be enforceable due to the Statute of Frauds whereas the tort remedy of fraud and deceit might be applicable." D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) 8134, p. 389.
In M.H. Performance Group, Inc. v. Cincinnati Milacron, Inc., No. CIV. A. 96-0832C, 1998 WL 52239 (Mass.Super. Jan. 27, 1998, Gants, J.), a Massachusetts Superior Court addressed the issue before the court here, and the court finds its reasoning to be highly persuasive. The Massachusetts statute of frauds is very similar to Connecticut's in that it provides that: "[n]o action shall be brought . . . [u]pon a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them. . . ." Mass. Gen. Laws c. 259, § 1. In M. H.Performance, the parties orally agreed to the terms of a long term lease, but the defendant reneged before they reduced their agreement to writing. In the meantime, the plaintiff purchased expensive equipment and hired a new employee in reliance of the oral lease agreement, in order to CT Page 13394 begin operating in the new space as soon as possible. The M.H.Performance court concluded that the case forced "a hard look at the basic principles of contract and promissory estoppel in the context of the legislative mandates set forth in the Statute of Frauds. . . . If the alleged misconduct of Milacron can create an enforceable contract via promissory estoppel, then the Statute of Frauds . . . [means] nothing in any case involving reliance. Yet, if [the Statute of Frauds bars] all relief then [it] may be used as [an instrument] of inequity." The M.H.Performance court chose "a middle path," whereby the plaintiff was allowed to recover in contract, but was allowed to go forward with its tort claims. The same result should obtain here.
Here, Terracino alleges all the necessary requirements to make out a legally sufficient claim of fraud in the second count of his complaint. The elements of a claim of fraud are: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the other party did so act upon that false representation to his injury." Statewide Grievance Committee v. Egbarin, 61 Conn. App. 445,454, 762 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001). A writing is not necessary to maintain a cause of action sounding in fraud.
According to Terracino: he, Robert Rossman and Platano entered into an agreement whereby Platano would purchase 110-112 Park Lane Road and that, in spite of this arrangement, Platano sold to United Properties, which is closely aligned with the Rossmans. Terracino allegedly relied upon Platano's promise to do so, and as a result of Platano's representations, missed the opportunity to purchase the property.
Moreover, Terracino alleges that Platano had an obligation to disclose the fact that he purchased the property, and that Platano failed to do so. "Fraud by nondisclosure expands on the first three of [the] four elements [and] involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak. . . . To constitute [fraud by nondisclosure], there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak. . . . The duty to disclose known facts is imposed on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak." (Citations omitted; internal quotation marks omitted.) Id. 454-55. Terracino properly alleges that Platano had a duty to inform Terracino that he purchased the property, and he did not.
 Conclusion
CT Page 13395
The court holds that the statute of frauds; General Statutes §52-550; does not operate as a bar to relief in this cause of action for fraud, and that Terracino's claim of fraud against Platano is well pleaded, hence, this motion to strike the entire complaint is denied. The court need not resolve every other issue in this case, and so espouses no view as to whether the third count properly alleges fraud or the existence of a constructive trust in this case. Those issues are left to another day.
Holden, J.